## THOMAS B. HAY, Appellant, v. JOSEPHINE HAY, Respondent.

[235 Pac. 902.]

DIVORCE—ATTORNEYS' FEES, SUIT MONEY AND ALIMONY PENDING APPEAL—APPELLATE COURT—JURISDICTION.

    The supreme court will not require a husband to pay attorneys' fees, suit money and alimony *pendente lite* to enable the wife to defend an appeal except when it is necessary to a complete exercise of its appellate jurisdiction.

Publisher's Note.

1. Allowance of counsel fees by appellate court, see notes in 3 Ann. Cas. 51; 6 Ann. Cas. 683; 15 Ann. Cas. 229; Ann. Cas. 1915B, 1249.

Original application for attorneys' fees, suit money and alimony pending an appeal. *Denied.*

W. D. Keeton and E. R. Whitla, for Appellant.

Every object of the statute has been accomplished in this case. The defendant is better able to pay than is the plaintiff. The defendant has the ready cash and assets of much larger value than the plaintiff. (*Rumping v. Rumping,* 41 Mont. 33, 108 Pac. 10; *Pringle v. Pringle,* 55 Wash. 93, 104 Pac. 135; *Robertson v. Robertson,* 137 Mo. App. 93, 119 S. W. 533.)

"Such orders are made by this court only where it is necessary to a complete exercise of its appellate jurisdiction." (*Enders v. Enders,* 34 Ida. 381, 201 Pac. 714, 18 A. L. R. 1492.)

Robert H. Elder, Ed. S. Elder and James F. Ailshie, for Respondent.

Poverty of the husband or his pretended lack of property or funds is no defense to an application on the part of the wife for suit money where the action has been commenced by the husband. (19 C. J. 216; *State v. Superior Court,* 85 Wash. 607, 148 Pac. 882, L. R. A. 1915E, 567; *Cohen v. Cohen,* 66 N. Y. St. 336, 11 Misc. Rep. 704, 32 N. Y. Supp. 1082; *Frickel v. Frickel,* 4 Misc. Rep. 382, 24 N. Y. Supp. 483; *Farrar v. Farrar,* 45 Cal. App. 584, 188 Pac. 289.)

WM. E. LEE, J.—The respondent filed herein her motion for an order requiring appellant to pay the clerk of this court for her use and benefit certain sums of money to cover expenses, attorneys' fees and support and maintenance during the pendency of the appeal from the order denying change of venue. She also asks certain additional sums to pay for medical attention and board and room rent already incurred. The motion was resisted by appellant on several grounds, one of which is that there is on deposit in the First National Bank of St. Maries, to the credit of respondent, the

sum of $3,000, which this court said, in *Hay v. Hay, ante,* p. 159, 232 Pac. 895, ''The record clearly shows that the money had been deposited by plaintiff to defendant's credit and that plaintiff retained no control over it. The money belonged to defendant.''

Original jurisdiction in the matter of allowance for attorneys' fees, suit money and alimony *pendente lite* is vested in the district court, C. S., secs. 4642, 4653; and, as was said by this court in *Callahan v. Dunn,* 30 Ida. 231, 164 Pac. 357, ''such orders are made by this court only where it is necessary to a complete exercise of its appellate jurisdiction.'' (See, also, *Enders v. Enders,* 34 Ida. 381, 201 Pac. 714, 18 A. L. R. 1492.)

In view of the fact that there is in the St. Maries Bank a deposit of $3,000 to the credit of respondent, which she can secure by the presentation of a check therefor (*Hay v. Hay, ante,* p. 159, 232 Pac. 895), and in view of the financial condition of both parties, as the same is made to appear from the affidavits on file in this proceeding, we conclude that it is not necessary to the exercise of the appellate jurisdiction of this court to direct appellant to pay respondent any sum of money for the purpose indicated, and that it would be improper to do so. Motion denied.

William A. Lee, C. J., Budge, Givens and Taylor, JJ., concur.