(No. 5398. July 23, 1930.)

L. W. KING, Doing Business Under the Firm Name and Style of KING MOTOR COMPANY, Respondent, v. E. L. MATTINGLY, Appellant.

[292 Pac. 220.]

T. A. Walters, for Appellant.

Martin & Martin for Respondent.

LEE, J.—Plaintiff and respondent, L. W. King, doing business under the firm name and style of King Motor Company, sued defendant and appellant Mattingly, upon a promissory note executed the former by the latter June 3, 1922. The note in the principal sum of $950 bore eight per cent per annum interest and fell due on or before September 15, 1922, providing for reasonable attorney's fees in case of suit. Respondent plead a payment of $26 interest, alleged to have been made by appellant on the note October 14, 1925, and prayed judgment for the face of the note and interest together with $150 attorney's fee.

Appellant denied the debt, denied the payment of $26, alleging on information and belief that respondent without authorization "endorsed on the said note the sum of $26 as a payment upon the interest upon the said note, for the purpose and with the intention of tolling the statutes of limitations." And he plead C. S., sec. 6609, in bar of recovery. The cause was tried without a jury; and upon the evidence often sharply conflicting the court found that on October 14,

1925, appellant had "voluntarily paid to the plaintiff, L. W. King, the sum of $26 to be applied upon the interest then due upon the above described note, and that plaintiff herein did apply the said sum of $26 upon the interest upon the said note which was due at said date." The court further found that "the defendant had acknowledged the indebtedness by instruments in writing, signed by him, and which tolled the statute of limitations." Then followed a separate finding that the action was not barred by C. S., sec. 6609. The court had already found due and payable the entire principal sum together with accrued interest. From the consequent judgment, this appeal is taken.

The errors specified may be reduced to four main contentions, that the court erred in admitting in evidence over appellant's objection Respondent's Exhibits "B," "D," "E," "F," "G," "H," "I," "J," "K," "L," "N," "O," "P," "Q" and "R"; in overruling his objections to certain questions and denying his motions to strike the answers thereto, in refusing his application to introduce "certain evidence," and in making the findings heretofore mentioned. When all is said and done, the case hinges upon the fact of the $26 payment. Respondent testified that appellant came to his office, offering to pay $500, remaining principal, and accrued interest on a $600 note of July 8, 1922, theretofore executed him by appellant's son and appellant jointly; that the interest amounted to $6; that at the time he asked appellant, if it were possible for him to make any payment on the note involved here; that appellant answered that, having other bills to pay, he could not spare over $20 or $25. Whereupon, respondent told him that, inasmuch as he had paid some interest before it was due, respondent would "throw off" the $6 interest on the $600 note, and apply it together with the $20 offered by appellant upon the note in question. To this, he swore appellant agreed, and that then and there in appellant's presence he entered the respective payments upon Respondent's Exhibits "B" and "C," file cards containing notations of all pay-

ments made on the respective notes, and wrote out and delivered appellant a receipt reciting:

"Received of E. L. Mattingly Five Hundred Twenty six and no one hundredth dollars.

"Prin. $500

"Int. 26.00

"L. W. KING."

All of this alleged agreement was by appellant and his wife strenuously denied, the latter at all times claiming that there was no intention to pay anything on the $950 note. And, in corroboration of this intention there was introduced appellant's canceled check for the $526 whereon respondent had indorsed the words: "Note and Int. in full." Yet, there was offered by appellant no explanation of his having paid $26 interest when he had just been advised that only $6 was due. Upon the question of this payment, as against respondent's positive and unequivocal testimony, that of appellant is so markedly contradictory and evasive that, coupled with his many other flat self-contradictions regarding material issues, we are not disposed to disturb the finding of the trial court, abundantly supported as it is by consistent evidence.

We think there was no error in admitting the exhibits complained of. With the exception of "B" and "R," they are all either the originals or copies of letters written by respondent to appellant or originals of letters written by appellant in reply to letters written him by respondent. They showed much of the transaction and dealing between the parties, touching the subject matter of the suit, especially the efforts of appellant to raise $300 to pay accrued interest, thus demonstrating beyond cavil that as late as December, 1926, appellant acknowledged the debt as then existing. It is urged that, since respondent had failed to plead acknowledgment, there was no issue in that regard. This would have been true had not appellant affirmatively plead the bar of limitations, a defense deemed denied by respondent. But the very fact that the letters showed a willingness and endeavor on appellant's part to pay the interest

lent corroboration to respondent's testimony as to the ulti-
mate purpose of the $26 payment. Conceding, for the sake
of argument, that the court erred in finding on an issue
not raised by the pleadings, there would still remain the
finding as to the $26 payment, sufficient to toll the statute.

The answers of respondent admitted over appel-
lant's objections and later by him moved to be stricken
had to do with alleged conversations between the parties
concerning the payment of the note in controversy. We
think the rulings were proper. Finally, complaint is made
that, the case having been reopened after submission for the
purpose of permitting respondent to introduce certain evi-
dence, appellant was denied the privilege of introducing evi-
dence "from the defendant's standpoint." The "certain
evidence" for the submission of which the case had been
reopened was Respondent's Exhibit "R," the certificate of
trade name required by chap. 212, Laws of 1921. There-
after, appellant asked leave to introduce evidence concerning
the letters theretofore objected to and later moved to be
stricken. This, the court refused. There was no error.
The reopening of a case is largely a matter of the court's
discretion. This case had been reopened for one purpose
only. Appellant did not ask to reopen his case in chief,
and made no offer to attack the certificate admitted. But he
sought to introduce evidence on a totally different line. We
think there was no abuse of discretion. (*Clark-Lloyd Lbr.
Co. v. Puget Sound Ry. Co.*, 111 Wash. 232, 190 Pac. 226,
228.)

Judgment affirmed. Costs to respondent.

Givens, C. J., and Budge, Varian and McNaughton, JJ.,
concur.