(No. 6305. December 20, 1935.)

MARGARET BEDKE, Plaintiff, v. FRED BEDKE, Defendant.

[53 Pac. (2d) 1175.]

E. M. Wolfe, for plaintiff.

S. T. Lowe, for defendant.

MORGAN, J.—In July, 1933, Margaret Bedke commenced action in the district court for Cassia County against Fred Bedke for divorce. On plaintiff's motion for suit money, temporary alimony and attorney's fee, the judge before whom the case was pending made an order that defendant pay to plaintiff's attorney $150 on or before August 14, 1933, and to the clerk of the court, for the use and benefit of plaintiff, $30 per month, the same to be paid on the 14th day of each month, pending the final disposition of the case on its merits. The attorney's fee was paid and the payments of $30 each per month were made from August 14, 1933, to and including December, 1934.

Seeking to procure a divorce from plaintiff, defendant filed a cross-complaint, which was answered, and the cause was at issue on April 22, 1935, when it was set down to be heard. On that date defendant was in default in the payment of the sums he had been ordered to pay for the use and benefit of plaintiff which fell due after December, 1934, and she moved for postponement on the ground that, because of his default, she was financially unable to prepare for trial. The court denied the motion and, plaintiff having announced her inability to proceed, dismissed her action and postponed the trial of the cause of action stated in defendant's cross-complaint. Judgment of dismissal of plaintiff's action was entered and she appealed therefrom to this court.

August 20, 1935, the judge of the district court made and entered an order, upon showing of necessity therefor, that defendant pay $70.50, costs on appeal, and $150 attorney's fee for the prosecution of the appeal, and that payment

thereof be made to the clerk of the district court on or before September 6, 1935. These payments were not made and, on the date last mentioned, defendant appealed from the order requiring him to make them and filed an undertaking on appeal and a *supersedeas* bond.

Plaintiff has made a showing, by affidavit, that she is financially unable to prosecute her appeal or to respond to and oppose defendant's appeal, and that it is necessary, in order to enable her to do so, that he pay $70.50 costs to be incurred in perfecting her appeal from the judgment dismissing her action, and $150 to compensate her attorney for services to be rendered therein, and that he also pay $150 to compensate her attorney for services to be rendered in her behalf in responding to and opposing defendant's appeal. She asks for an order, in effect a writ in aid of our appellate jurisdiction, commanding defendant to make these payments. Defendant has presented affidavits whereby he seeks to establish his financial inability to make the payments. He also insists this court is without jurisdiction of plaintiff's appeal because of defects in the notice thereof, and he moves to dismiss it.

■ The contention that the notice of appeal is fatally defective involves a question in the presentation of which plaintiff will require the services of an attorney. To entertain this motion and decide that question without making it possible for her to be represented by counsel would be to deny her the protection which the law intends to provide in requiring the payment of suit money and attorney fees by husbands for the benefit of wives in cases of this kind. (I. C. A., sec. 31–704; *Largilliere v. Largilliere,* 50 Ida. 496, 298 Pac. 362.) Action on defendant's motion to dismiss plaintiff's appeal, and on his contention that the court is without jurisdiction of the case, will be deferred until plaintiff has counsel to represent her in the presentation of these questions.

■ Jurisdiction to issue writs necessary or proper to the complete exercise of its appellate jurisdiction is granted to this court by the Constitution, art. V, sec. 9 (*Enders v. En-*

*ders,* 34 Ida. 381, 201 Pac. 714, 18 A. L. R. 1492; *Hay v. Hay,* 40 Ida. 624, 235 Pac. 902.)

The showing made by plaintiff is sufficient to establish her inability to proceed with the prosecution of her appeal without the financial assistance from her husband which she asks for, and we find therefrom she is unable to proceed without it. In the exercise of the power to require a husband to maintain his wife during the pendency of action for divorce, and to pay her costs and attorney's fee, care should be taken that the requirement not be beyond his power to perform.

■■ Plaintiff has made a showing that defendant is a member of a copartnership known as Bedke Brothers; that said partnership owns about 3,000 head of range cattle of the value of $150,000, and ranches and range rights worth $75,000, and that the parties to this action are the owners of an undivided one-fifth interest in all said property. Defendant asserts that the copartnership is not the owner of property in excess of its indebtedness; that it is not the owner of more than 1,641 cattle, and that it has given a chattel mortgage on said cattle to secure the payment of an indebtedness of $33,300, together with interest thereon. He further sets up in his answer:

"That the said mortgage covers and includes all of the livestock owned by Bedke Brothers and all livestock of every kind or nature whatsoever that this defendant has any interest in or claim to. That the said mortgage is now in full force and effect; that some payments have been made thereon, but this defendant is unable to state the exact amount that remains unpaid thereon, but the payments that have been made have been made by the sale of the mortgaged property, and the amount of the livestock that are now owned by Bedke Brothers has been reduced in proportion to the reduction of the said indebtedness."

He denies that the copartnership owns any real estate and alleges that his father transferred to defendant's mother all the real estate the father owned except a house and lot and 40 acres of dry land, which has no value; that after the death of the father an agreement was made between his heirs that

defendant's mother should have a life estate in all the real property belonging to the estate and, upon her death, it is to be divided equally between the surviving heirs of the father, share and share alike, and that if any part of the real estate is sold during the life of the mother one-half of the proceeds from the sale shall go to her and one-half to the other heirs of the father, share and share alike. Defendant further asserts in his answer that he has no money, or means of procuring money, with which to pay the sums demanded from him for costs and attorney's fee on appeal.

We find the showing made by defendant of his inability to pay these costs and attorney's fees to be unsatisfactory. That he is the owner, or he and his wife own as their community property, an undivided one-fifth interest in a large number of cattle, is established. He shows some of these cattle have been sold and the indebtedness, secured by mortgage on them, amounting to $33,300, has been, in part, paid. He asserts he is unable to state the exact amount of indebtedness remaining unpaid, and it does not appear he knows the number of head of livestock now owned by Bedke Brothers. If his showing in this respect is true he does not know what the net value of the livestock, owned by the partnership of which he is a member is. We believe he could have ascertained these facts, or could have produced the affidavits of witnesses who were familiar with them. His failure to do so raises the presumption that had he presented the facts they would have been against him. (*Vollmer v. Vollmer,* 46 Ida. 97, 266 Pac. 677.)

Even if defendant is without money, or property from the sale of which money can be procured, he is not thereby absolved from the duty to provide his wife with funds necessary to pay costs and attorney's fee to be used in preparing and presenting her appeal. Instead of conforming to the order of the district court requiring him to pay this fee and costs, he elected to, and was able to appeal from the order and give a *supersedeas* bond to stay the execution thereof. We express no opinion as to the effect of the *supersedeas* bond, but mention it as tending to show he has credit. In addition

to this, defendant is shown to have property, present and prospective, sufficient to justify the conclusion he has credit upon which money can be raised to pay the expense of this litigation.

The defendant will not, at this time, be required to pay a fee to plaintiff's attorney for services to be rendered in responding to and defending against his appeal from the order requiring him to pay her attorney's fee and costs on her appeal from the judgment dismissing her action. In view of the conclusion we have reached herein it may not be necessary that defendant's appeal from that order be heard. Final action on plaintiff's application for the allowance of an attorney's fee to enable her to be represented at the hearing of defendant's appeal is deferred until it becomes apparent such representation will be necessary.

IT IS HEREBY ORDERED, and this does order, that a writ issue out of and under the seal of this court that Fred Bedke, the defendant herein, within ten days after the service upon him of said writ, pay to E. M. Wolfe, Esq., plaintiff's attorney, $220.50, being $70.50 costs and $150 attorney's fee on appeal from the judgment of the district court dismissing plaintiff's action against defendant for divorce. Costs of this proceeding are awarded to plaintiff.

Givens, C. J., and Holden and Ailshie, JJ., concur.

Budge, J., did not participate in the decision.