(No. 6305.   February 25, 1937.)

MARGARET BEDKE, Appellant, v. FRED BEDKE, Respondent, and FRED BEDKE, Appellant, v. MARGARET BEDKE, Respondent.

[65 Pac. (2d) 1029.]

E. M. Wolfe, Attorney for Margaret Bedke.

S. T. Lowe, Attorney for Fred Bedke.

MORGAN, C. J.—This is an action for divorce commenced by Margaret Bedke against Fred Bedke, who cross-complained praying that a decree of divorce be awarded to him. Because of confusion which would arise, due to two appeals having been taken, should we refer to the parties as appellant and

respondent, they will hereinafter be called plaintiff and defendant.

Upon showing by plaintiff of necessity therefor, the district judge made an order requiring defendant to pay to her certain sums of money for attorney's fee and costs, and $30 per month for her maintenance and support, pending a final determination of the action. March 7, 1935, plaintiff filed an affidavit wherein she set out that defendant was in default in three monthly payments, totaling $90, which he had been ordered to pay toward her maintenance and support, and prayed for an order directing him to show cause why he should not be punished for contempt of court. The order was issued and April 8, 1935, defendant filed his affidavit setting out that he was unable to make the payments because of his poverty, and alleging:

"That the payments maturing for the months of January, February, March, and April, 1935, have not been made by reason of the inability of this affiant to comply with the said order, and thru no desire on the part of this affiant to disregard the said order or to avoid complying therewith."

April 16, 1935, the cause was set for trial on the twenty-second of that month. The record is silent as to what disposition, if any, had been made of the contempt proceeding and, apparently, it was still pending when the case was called for trial. At that time plaintiff's counsel moved the court to postpone the trial until the defendant made the payments in which he was in arrears, and that she be granted reasonable time after such payment to travel from Salt Lake City, Utah, to Burley, Idaho, where the case was to be tried, and to secure attendance of witnesses. The motion was denied and subsequent proceedings are shown by the judgment, wherein it is recited:

"Whereupon counsel for plaintiff announced that the plaintiff was not prepared to proceed with the trial for the reason that she was without funds and could not secure witnesses etc., but that if defendant would make the payments now due under prior orders of the court, plaintiff would be prepared to go to trial upon such reasonable time as the court might fix. Whereupon the defendant moved that the plaintiff's

case be dismissed for want of prosecution, after argument of counsel the court being fully advised in the premises:

"It is now therefore, hereby, ordered, adjudged and decreed that the plaintiff's case be dismissed and that plaintiff take nothing by her complaint."

Plaintiff appealed from the judgment and, upon a showing of necessity therefor, the judge of the district court ordered defendant to pay her attorney's fee and costs on appeal, amounting to $220.50. Defendant appealed from the order requiring him to make said payment and, thereupon, plaintiff applied to this court for an original writ requiring him to pay her costs and attorney's fee on appeal, in said amount. That application resulted in an order directing said payment to be made. (*Bedke v. Bedke,* 56 Ida. 235, 53 Pac. (2d) 1175.)

December 6, 1935, while plaintiff's application for the writ was pending in this court, he filed a motion to dismiss her appeal on the following grounds:

"1. That no sufficient Notice of Appeal was ever filed or served, appealing from said judgment.

"2. That the Notice of Appeal that was filed does not sufficiently identify the judgment from which the plaintiff and appellant is attempting to appeal.

"3. That no sufficient undertaking on appeal from said judgment, was ever filed in the District Court in the above entitled cause.

"4. That the appellant has not paid or tendered to the Clerk of said District Court the prescribed fees for the clerk's transcript as required by Sec. 11–215, I. C. A., and no credit has ever been extended to the appellant for such fees.

"5. That no application was made by the plaintiff and appellant to the Judge of the District Court for an order for the defendant and respondent to pay the costs and expenses on appeal until long after the time specified by law for the payment of said fees had expired.

"6. That the transcript on appeal has never been filed or served. That the time for filing and serving the transcript on appeal, as prescribed by Rule 25 of the Rules of the Supreme Court expired on the 21st day of August, 1935. That no application for an order extending the time in which to

file the said transcript was made on or prior to the 21st day of August, 1935. That if any order has been made or entered in said cause extending the time in which to file the said transcript, a copy of the same has never been served upon the respondent, and the same was made long after the time for the filing of said transcript had expired.

"7. That the said appeal has not been diligently prosecuted."

Action on the motion to dismiss the appeal was deferred until plaintiff had counsel to represent her. (*Bedke v. Bedke,* 56 Ida. 235, 53 Pac. (2d) 1175.) It was argued and submitted with the appeals.

■ Specifications in the motion, numbered 4 to 7, inclusive, relate to delay in perfecting the appeal. Such delay is not available to defendant as a ground for dismissal. We are convinced it was due to his failure to supply plaintiff with money, pursuant to the district court order, by reason of which she was unable to prosecute her appeal. This condition continued until he had paid to her attorney, $220.50, when directed so to do by order of this court. Thereafter the appeal was completed.

Specification numbered 3, attacks the undertaking on appeal from the judgment. An undertaking was filed, and defendant has not brought to our attention anything rendering it insufficient.

■ ■ Specifications numbered 1 and 2 attack the sufficiency of the notice of appeal, the body of which is as follows:

"You will please take notice that the plaintiff in the above entitled action hereby appeals to the Supreme Court of the State of Idaho from the judgment therein entered of record in said court on the 8th day of June, 1935, in favor of the defendant and against the plaintiff and from the whole thereof."

Defendant contends that notice does not specify the court wherein the judgment appealed from was rendered, and that if any court is specified it is the supreme court. In construing this notice, it must be borne in mind, it was entitled in the District Court of the Eleventh Judicial District of the State of Idaho, in and for Cassia County therefore, the clause

in the notice, ''from the judgment therein entered of record in said court,'' refers to said district court. It is further contended that the judgment was not entered of record, as stated in the notice, on June 8, 1935. This is correct. The record shows it was filed June 10, 1935. However, this is the only judgment which has been entered in the action and the error with respect to the date of its entry could not have misled defendant. The motion to dismiss the appeal is overruled.

We will next dispose of the appeal of defendant from the order requiring him to pay plaintiff's attorney's fee and costs on her appeal from the judgment dismissing her action. While that order was, in all respects proper and fully justified by the facts before the district judge when it was made, the necessity for its enforcement disappeared when the order of this court that defendant pay said costs and attorney's fee was obeyed. It is, therefore, hereby directed that the order of the district court requiring defendant to make said payment be revoked.

Plaintiff's appeal presents the question as to whether the court erred in refusing to postpone the trial and in dismissing her action.

Defendant insists plaintiff's showing for a postponement was insufficient. It is true no affidavit was filed showing necessity for postponement and no reference was made, in the motion, to the records and files of the action. However, the judge made a certificate as follows:

''I, Adam B. Barclay, one of the Judges of the District Court of the Eleventh Judicial District of the State of Idaho, in and for the County of Cassia, and the Judge who signed the Judgment of Dismissal, dated April 23, 1935, and filed June 10, 1935, dismissing the amended complaint of the plaintiff, do hereby certify that the following papers and records, to-wit: Amended complaint; Answer to amended complaint; Cross complaint; Answer to cross complaint; Affidavit of Fred Bedke in opposition to plaintiff's application for temporary alimony, suit money and attorney's fees; Affidavit of Margaret Bedke for payment of support; Order to show cause why defendant should not pay monthly allowance of alimony; Affidavit of Fred Bedke in opposition of order to show cause;

Affidavit of S. T. Lowe in opposition of order to show cause; Affidavit of E. M. Wolfe on motion of E. M. Wolfe for postponement of trial; Motion of E. M. Wolfe for postponement of trial; Judgment of dismissal, included in the above and foregoing transcript, constitute all of the records or papers and files used or considered by me on motion of the hearing (on hearing of the motion) for postponement of trial, filed April 22, 1935.''

An examination of the documents mentioned in that certificate shows that, by reason of her poverty, plaintiff was unable to proceed with the litigation without financial assistance from her husband. Affidavits filed by defendant in opposition to her showing are to the effect that he was, at the time set for trial, unable to pay the money the court had ordered him to pay for her use and benefit. Her attorney offered, in open court, to be ready for trial if the money was paid and his client given reasonable time thereafter to come to the place of trial and to procure witnesses.

A question is presented here as to whether a husband, while he remains in default in the payment of temporary alimony awarded to his wife, may move to dismiss her action. It is not necessary to decide that question in this case. When it appears, as it does here, that the wife is unable to prosecute her action for divorce solely because of the failure of her husband to make payments to her, which he has been ordered by the court to make *pendente lite,* it is an abuse of discretion to grant his motion to dismiss, for failure to prosecute, because the failure is due to his default, not hers.

The judgment of dismissal is reversed with direction to the district court to reinstate the action. Plaintiff's costs on appeal having heretofore been paid by defendant, no costs are awarded.

Holden, Ailshie and Givens, JJ., concur.

Budge, J., deeming himself to be disqualified, did not sit with the court or participate in the decision.