285 P.2d 488

Patrick H. FINNEGAN, Plaintiff-Respondent,

v.

Rita FINNEGAN, Defendant-Appellant.

No. 8243.

Supreme Court of Idaho.

June 22, 1955.

Paul C. Keeton, Lewiston, for appellant.

Swayne & McNichols, Orofino, for respondent.

502

ANDERSON, Justice.

The trial court granted respondent (the husband) a divorce upon the ground that the parties have lived separate and apart for more than five years without cohabitation. Sec. 32-610, I.C.

The parties to this action were married February 12, 1938, in Canton, Illinois, by reason of necessity. They engaged in farming near Princeton, Illinois, following their marriage, which was unhappy due to constant quarrels and bickering, each party blaming the other, it being admitted that he was addicted to the use of narcotics and he claiming she instituted quarrels relative to money matters.

August 12, 1939, Mary Agnes Finnegan was born as an issue of the marriage. December 30, 1940, respondent sold some mortgaged sheep that were on the farm, took the money and disappeared, leaving debts of around $7,000, and only $5 for his wife. He changed his name to John Bell and did not communicate with his wife for 22 months, nor provide any support for their child.

In October, 1942, respondent returned to Illinois, going to New Bedford, Illinois, and after consulting with the F.B.I., who were looking for him for evading the draft, he was permitted to enter the Army. He saw his wife on this visit to New Bedford. There is a conflict in the evidence as to whether or not they had marital relations during his stay there. It is uncontradicted that at that time she was about six months pregnant by some man unknown to respondent. The child was born in Texas in January, 1943, and placed out for adoption.

The next meeting of the parties was in December, 1942, in St. Angelo, Texas, where respondent was stationed with the United States Army. There is a conflict in the evidence if they cohabited while in Texas. She received his Army allotment during this time. March 16, 1943, Finnegan received a medical discharge from the Army. Both parties agree that they have continuously lived separate and apart without cohabitation since respondent's discharge from the Army.

Respondent obtained a divorce from appellant by decree dated July 23, 1943, in

Mount Pleasant, Iowa, and September 1, 1943, he married Phyllis Gregory, and three children (one aged nine years, one 14 months and one seven weeks at the time of trial, April 7, 1954) were born as the issue of this marriage. A step-daughter, 17 years old, resides with them. In the summer of 1949 respondent moved to Pullman, Washington, to study soil conservation.

About December, 1950, appellant located respondent in Pullman, Washington, and had a warrant issued for his arrest out of the State of Illinois for wife and child abandonment and nonsupport. At that time she learned of the divorce granted respondent in July, 1943. As a result of respondent's arrest, he has been making payments to appellant for child support.

In July, 1951, he moved to Orofino, Idaho, where he has since resided. In 1952, appellant began an action in the Iowa courts to set aside the divorce decree granted to respondent, based upon respondent's lack of sufficient Iowa residence at the time of filing the divorce action. In October, 1952, the parties saw each other for the first time since January, 1943, upon the occasion of a hearing in Iowa on appellant's motion to set aside respondent's 1943 divorce decree. March 23, 1953, the Iowa court set aside the decree, whereupon respondent and his present wife, Phyllis, immediately ceased to cohabit as man and wife, and the action now before this Court was filed March 25, 1953. An answer was filed admitting respondent's residence in the State of Idaho, but denying the allegations of the complaint pertaining to the ground for divorce, among other things, and affirmatively alleging that the separation of the parties was caused solely through the acts and fault of respondent, and does not constitute living separate and apart as contemplated by Sec. 32–610, I.C. Appellant also sets up as recriminatory defenses wilful neglect and desertion. Appellant does not seek a divorce.

The evidence discloses there is no affection whatsoever between appellant and respondent and no hope of the marital status being restored, but that respondent and Phyllis desire to be man and wife and provide a home for their children.

Trial was had and findings of fact, conclusions of law and decree dissolving the marriage were made by the trial court, from which this appeal is taken.

Error is claimed by appellant that the trial court erred in entering a decree of divorce on the ground of separation for more than five years without cohabitation, for the reason the parties could not have lived together after September 1, 1943, on account of respondent's marriage to Phyllis Gregory, and also on account of his completely concealing his whereabouts from appellant for more than seven years. Appellant contends the five-year period commenced March 25, 1953, when respondent separated from his second wife, rather than in January, 1943.

The section under which this action is brought, 32–610, I.C., provides:

"When married persons have heretofore lived or shall hereafter live separate and apart for a period of five years or more without cohabitation, either party to the marriage contract may sue for a divorce which shall be granted on proof of the continuous living separate and apart without cohabitation of the spouses during said period of five years or more."

Under this statute it is only necessary to prove three things: First, that the parties lived separate and apart; second, that there was an absence of cohabitation; third, that the living separate and apart without cohabitation was continuous for five years. Jordan v. Jordan, 69 Idaho 513, 210 P.2d 934.

█ This court, since the appeal was taken in this case, has decided adversely to appellant's contention relative to fault being considered under the above statute. In the recent case of Jolliffe v. Jolliffe, 76 Idaho 95, 278 P.2d 200, 202, Justice Taylor, speaking for the court, stated:

" * * * a recriminatory defense is not available in an action for divorce on the ground of five years separation. § 32–610, I.C.; annotation 152 A.L.R. 336; cf. Howay v. Howay, 74 Idaho 492, 264 P.2d 691. Nor can the defense be made that the separation was caused or continued by the fault of the plaintiff.

" 'The public policy of these separation statutes is based upon the proposition that where a husband and wife have lived apart for a long period of time, without any intention ever to resume conjugal relations, the best interests of society and the parties themselves will be promoted by a dissolution of the marital bond.' Annotation 51 A.L.R. 763."

The court further stated in. 278 P.2d on Page 203:

"Our statute clearly indicates divorce is available to either party without reference to fault, and is mandatory in terms. It expresses the public policy of the state."

█ Appellant's next assignment of error is that the wording of the decree is erroneous in that the trial court cannot use the word "dissolve" referring to a marriage in the decree, but must provide that the parties are "divorced." The part of the decree under this attack reads:

"It Is Hereby Ordered, Adjudged and Decreed that the bonds of matrimony heretofore existing between the parties be, and the same hereby are dissolved, and the parties are returned to the status of single persons."

Sec. 32–601 and Sec. 32–602, I.C. provide:

"32–601. Marriage is dissolved only:

"1. By the death of one of the parties; or,

"2. By the judgment of a court of competent jurisdiction decreeing a divorce of the parties.

"32–602. The effect of a judgment decreeing a divorce is to restore the parties to the state of unmarried persons."

While the above-quoted paragraph from the divorce decree is not a model to be followed, we are of the opinion that it is sufficient to grant a valid divorce, and the above-quoted statutes are broad enough to permit this interpretation.

A divorce decree which merely dissolves the marriage is not erroneous or void for that reason only. Grimditch v. Grimditch, 71 Ariz. 198, 225 P.2d 489; Ackel v. Ackel, 57 Ariz. 14, 110 P.2d 238, 133 A.L.R. 549; Brown v. Brown, 38 Ariz. 459, 300 P. 1007.

The appellant assigns as error the trial court's failure to enter an order for alimony and/or child support. Appellant did not claim nor offer evidence of any requirement of additional support money. In view of this and of the fact that respondent has been making support payments since appellant had him arrested in Washington about December, 1950, the trial court was justified in assuming she sought no increase in support money or alimony.

Allowance of alimony or support money is in the discretion of the trial court and after consideration of the circumstances of the parties, only when there is a manifest abuse of discretion will the determination of the trial court be interfered with on appeal. Sec. 32–706, I.C.; Malone v. Malone, 64 Idaho 252, 130 P.2d 674; Smiley v. Smiley, 46 Idaho 588, 269 P. 589.

On May 19, 1955, one day before the time set for the oral argument of this case on its merits before the Supreme Court, appellant filed a motion for support money, costs of appeal and attorney's fees. The appeal had been perfected, record and briefs filed, and the cause ready for oral argument at the time the motion was filed. In her affidavit the appellant states that she was able to borrow the money required to pay for the transcript, brief and attorney's fee on appeal and her counsel argued the appeal on its merits. Appellant seeks to invoke the original jurisdiction of this court to issue a writ in aid of its appellate jurisdiction, Idaho Constitution Article 5, Sec. 9. The question arises as to its timeliness and the sufficiency of the showing to require this court to act.

In the case of Brashear v. Brashear, 71 Idaho 158, 165, 228 P.2d 243, 247, Justice Taylor, speaking for the court, stated:

"This court has consistently held that where necessary to the complete exercise of its appellate jurisdiction, it will order the payment of such costs and support. * * * In Bedke v.

Bedke, 57 Idaho 443, 65 P.2d 1029, on an original application, this court ordered the same payments made as had been ordered made by the district court. It is the policy of this court to leave to the district court, under authority of section 32–704, I.C., the making and enforcing of all orders necessary to provide the wife with the means of prosecuting or defending on appeal, and temporary alimony, and to exercise its original jurisdiction only upon a showing that such action is necessary to the exercise of its appellate jurisdiction. In this case the appeal had been perfected, record and briefs filed, and the cause was ready for oral argument at the time the motion was filed. In her affidavit the appellant states that she was able to borrow the money required to pay for the costs, transcript, and brief, and her counsel argued the appeal on its merits, mentioning her motion only incidentally.

"In other words, she has been able to prosecute her appeal without a writ from this court, and such writ is therefore not necessary to the exercise of the court's appellate jurisdiction."

The motion is denied and the judgment affirmed. Costs to respondent.

TAYLOR, C. J., PORTER and SMITH, JJ., and SPEAR, District Judge, concur.