415 P.2d 720

**Betty LOSEE, Plaintiff-Respondent,**

**v.**

**Elgin LOSEE, Defendant-Appellant.**

**No. 9547.**

Supreme Court of Idaho.

June 21, 1966.

Vernon K. Smith and John Hjellum, II, Boise, for appellant.

Power & McCoy, Boise, for respondent.

McFADDEN, Chief Justice.

Betty Losee, the plaintiff-respondent, by her complaint sought a decree for separate maintenance, based on the alleged extreme cruelty by her husband Elgin Losee, the defendant-appellant. In his answer to the Complaint appellant denied the allegations of extreme cruelty and counterclaimed for a divorce on the grounds of his wife's mental cruelty towards him, which allegations Mrs. Losee denied. The cause went to trial on the issues so framed.

During the course of the trial, the respondent amended her complaint, asking for a divorce on the grounds of the extreme cruelty, as originally alleged in her complaint. Later she again moved to amend her complaint. The court granted the motion, and the complaint was amended to allege, as grounds for divorce, not only extreme cruelty, but also adultery by appellant; she also asked for custody of and support money for a minor daughter, and for permanent alimony.

After trial, findings of fact and conclusions of law were entered. The judgment and decree awarded to respondent a divorce on the grounds of wilful desertion, custody of the minor child, the community property, $50.00 per month for the support of the minor daughter until attainment of the age of 18 years, and $125.00 per month as permanent alimony.

Appellant appealed from the judgment and decree. Thereafter respondent moved for an order of the trial court for attorney's fees and costs on appeal, which motion appellant contested by filing counter affidavits and a motion to strike. The trial court denied appellant's motion to strike and entered an order for attorney's fees and costs on appeal; thereafter appellant also appealed from such order.

The principal contention asserted in appellant's assignments of error on the appeal from the judgment is that the trial court was not authorized to award a decree of divorce on the ground of wilful desertion, when desertion was never alleged as a ground for divorce in the original complaint or in any of the amendments thereto.

The trial court in its findings of fact stated: "Since October of 1962, defendant has continued to live in 'Ruby's' home in California and has refused to live with or reside with plaintiff, although she has offered reconciliation." Based on this finding, the Court concluded:

"That plaintiff is entitled to a divorce on the grounds of wilful desertion by defendant, said desertion having commenced in October of 1962 and continued for over one year."

The record sustains the trial court's finding that the appellant continued to live in California since October 1962, and refused to live with or reside with respondent. This evidence was admitted without any objection being interposed that it was not within the issues raised. The trial court was justified in concluding that this conduct constituted desertion on the part of appellant. I.C. §§ 32–606, 32–609. I.R.C.P. 15(b) provides in part: "When issues not raised by the pleading are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at anytime, even after judgment; but failure so to amend does not affect the result of the trial of these issues. * * *"

In Frost v. Mead, 86 Idaho 155, 166, 383 P.2d 834, 840, this court stated a principle applicable here:

"A party cannot complain of variance between pleading and proof in the absence of a showing that he was misled thereby to his prejudice. IRCP 15(b); Wurm v. Pulice, 82 Idaho 359, 353 P.2d 1071; Abel v. Brayton Flying Service (5th Cir.) 248 F.2d 713; Ernst v. General Refractories Co. (6th Cir.) 202 F. 2d 485; American Fork & Hoe Co. v. Stampit Corp. (6th Cir.) 125 F.2d 472."

There is no showing by appellant that he was misled in this regard, or that he was unaware of the facts upon which the finding was based. Thus, there was no error committed by the trial court in granting the divorce on a ground not initially plead, when the evidence fully sustained the finding.

■ No error appears in the award the trial court made for alimony. Whether alimony is to be granted or not under I.C. § 32–706, is a matter first committed to the discretion of the trial court and will not be interfered with on appeal in the absence of a manifest abuse thereof. Malone v. Malone, 64 Idaho 252, 130 P.2d 674; Finnegan v. Finnegan, 76 Idaho 500, 285 P. 2d 488; Nielsen v. Nielsen, 87 Idaho 578, 394 P.2d 625. In this case the marriage had been of long duration, and the respondent's earning ability is limited. Our attention has not been directed to facts from which it could be said there was any abuse of discretion on the part of the trial court in awarding alimony.

■ Appellant asserts the trial court erred in entering the order requiring him to pay attorney's fees and costs to respondent on this appeal. It is contended that the respondent failed to comply with the provisions of a local rule of the district court which required completion of an extensive questionnaire as to the financial status of an applicant for such award. In this regard, the lower court having considered the facts presented was satisfied with the showing made, and this court should not disturb such award on the basis of a technical non-compliance with the rule. I.C. § 32–704 vests original jurisdiction in the district court in a proper case to require the husband during the pendency of an appeal from a judgment in a divorce action to pay such sums as may be necessary to prosecute or defend the action. Gapsch v. Gapsch, 76 Idaho 44, 277 P.2d 278, 54 A.L.R.2d 416. The question of whether such award should be made, and if made, the issue as to the amount necessary to pay costs and attorney's fees on appeal are both addressed to the sound discretion of the trial court and its order or decision therein will not be reversed in the absence of an abuse of such discretion. Gapsch v. Gapsch, supra; Hay v. Hay, 40 Idaho 624, 235 P. 902; Morrison v. Morrison, 38 Idaho 45, 221 P. 156. Herein the record does not indicate any abuse of discretion by the trial court.

The judgment and order are affirmed.

Costs to respondent.

McQUADE, TAYLOR, SMITH and SPEAR, JJ., concur.