448 P.2d 986

COUNTY OF BONNER, a county of the State of Idaho, Plaintiff-Respondent,

v.

Glenn DYER, Defendant-Appellant.

No. 10274.

Supreme Court of Idaho.
Dec. 26, 1968.

J. H. Felton, Lewiston, for defendant-appellant.

Everett D. Hofmeister Jr., Sandpoint, for plaintiff-respondent.

TAYLOR, Justice.

July 25, 1967, plaintiff (respondent) Bonner County brought this action against defendant (appellant) Glenn Dyer and one Jean Staples to enjoin them from obstructing a public road described in the complaint as follows:

"25 feet on each side of a line beginning at a point 6 feet North of Meander Corner No. 2, Homestead Entry Survey No. 268, in Section 9, Township 59 North, Range 4 West Boise Meridian in Bonner County, Idaho; thence North 68 degrees 58 minutes East 81.9 feet; then North 32 degrees 50 mintues East 633.0 feet to the center of Bay View Boulevard in the First Addition to the Townsite of Coolin, in said County."

Plaintiff also claimed damages in the amount of the cost of removing obstructions created by defendant.

Jean Staples did not appear in the action, nor was judgment taken against her.

December 11 and 12, 1967, trial on the merits was had to the court, sitting without a jury.

Dyer acquired the land, across which the road in question extended in October, 1963. The deeds conveying title to Dyer contained the following reservation:

"Right-of-way for county road, being a strip of land 25 feet wide on each side of a line described as follows: Beginning 6 feet North of the meander corner # 2 —Homestead Entry Survey No. 268— Section 9, Township 59 N. of Range 4 W. of the Boise Meridian; thence North

68° 53' East 81.9 feet; thence North 32° 50' E. 633 feet to center of Bayview Boulevard in First Addition to Coolin, Idaho as indicated by District Court Case # 6862, Idaho."

It is not disputed that a dirt road crossed the Dyer property. On two occasions in 1967 Dyer obstructed the road, first by placing a fallen tree across it, and again by digging a ditch across the road. From the evidence it appears that the center line of the road ran parallel to, but some 20 to 25 feet to the right (east) of, the center line of the right of way as described in the complaint. The traveled portion of the roadway as it actually existed was 12 to 14 feet wide, and more than 50% of this width was within the described right of way. There was no other similar road in the area with which it could have been confused. The road had been in existence for at least 30 years. There is competent, though conflicting, evidence that the road was maintained by the county continuously from 1938 to the time of trial. Such maintenance work included snow removal, grading, gravelling and culvert installation.

May 22, 1950, the board of county commissioners of Bonner County passed the following resolution:

"WHEREAS, for more than twenty years last past a public highway or public road has been in continuous use as a highway or road and has been continuously used by the general public for road and highway purposes, the center line of which road is particularly described as follows: to-wit:

"Beginning at a point 6 feet north of Meander Corner 2, Homestead Entry Survey No. 268, in Section 9, Township 59 North, Range 4, W.B.M., Bonner County, State of Idaho; thence north 68° 53' east 81.9 feet; thence north 32° 50' east 633.0 feet to the center of Bayview Boulevard in 1st Addition to the Townsite of Coolin, Bonner County, State of Idaho;

"AND WHEREAS, said road or highway has been worked and kept up at the

expense of the public continuously during said period of over twenty years and is at the present time so being used as a public highway or road and is being worked and kept up at the expense of the public; and

"WHEREAS, said road or highway has been a public road or highway for more than twenty years previous to the date hereof but has not been designated and recorded as such by the Board of County Commissioners on the public records of Bonner County, State of Idaho;

"NOW, THEREFORE, BE IT RE-SOLVED by the Board of County Commissioners of Bonner County, Idaho, that said road or highway, of which the following is the center line:

"Beginning at a point 6 feet north of Meander Corner 2, Homestead Entry Survey No. 268, in Section 9, Township 59 North, Range 4, W.B.M., Bonner County, State of Idaho; thence north 68° 53′ east 81.9 feet; thence north 32° 50′ east 633.0 feet to the center of Bayview Boulevard in 1st Addition to the Townsite of Coolin, Bonner County, State of Idaho, and twenty-five (25) feet on each side thereof, has been continuously for more than twenty years last past and now is being used as a public highway and public road by the general public, and continuously has been during all of said twenty-year period and now is being worked and kept up at the expense of the public, and has been during all of said period of time and now is one of the public highways and roads of Bonner County, State of Idaho, and the Board of County Commissioners of Bonner County, State of Idaho, hereby expressly designate and record the same as a public highway and public road of Bonner County, Idaho, as now being and for more than twenty years last past having been a public highway and road of Bonner County, State of Idaho, and that the same be placed on the records of Bonner Coun-

ty, Idaho, as one of the public highways and roads of Bonner County, State of Idaho."

Satisfactory evidence was presented of the cost to Bonner County of removing the obstructions placed on the roadway by Dyer. It was also established by the evidence that actual road and right of way ran not only through Dyer's property, but also extended through adjacent land belonging to others (including the State of Idaho) not made parties to this action.

The court found and concluded (1) that the road crossing Dyer's property was a county road; (2) that defendant should be enjoined from obstructing the road; (3) that the county should recover from defendant as damages the cost of opening and repairing the road, $144.00; and (4) that further evidence should be produced to correct the description of the existing roadway.

February 19, 1968, additional evidence was presented on the issue of the description of the existing roadway. Judgment was entered April 25, 1968, (1) describing the roadway across defendant's property as:

"A 50 foot wide strip of land 25 feet each side of and parallel with the following described centerline: Beginning at a point on the west line of said Glenn Dyer property, which point is on the west section line of Section 10, T59N, R4W, B.M., Bonner County, Idaho, a distance of 2422.20 feet north of the southwest corner of said Section 10; thence N 32° 50′ W, to a point on the east property line of said Glenn Dyer property.";

(2) Adjudging the road to be a county road; (3) enjoining defendant from obstructing the roadway as described in the judgment; and (4) granting plaintiff judgment against defendant for damages in the sum of $144.00.

■■ By two of his assignments of error defendant contends that the court erred in failing to dismiss the action upon his motion, and in issuing the injunction, for

the reason that the pleadings described a different road than the one which was proven at the trial to exist. The variance between the description of the road contained in the complaint and the description established upon trial did not prejudice defendant. There was no other road which crossed defendant's property in the area concerned, by which defendant or his attorney could have been confused. "A party cannot complain of variance between pleading and proof in the absence of a showing that he was misled thereby to his prejudice." Frost v. Mead, 86 Idaho 155, 166, 383 P.2d 834 (1963); accord, McLean v. City of Spirit Lake, 91 Idaho 779, 430 P.2d 670 (1967); Losee v. Losee, 91 Idaho 77, 415 P.2d 720 (1966); see IRCP Rule 15(b).

■ Defendant avers that the court's findings of fact do not conform to IRCP Rule 52(a) in that the findings of fact and conclusions of law were not separately stated and labeled as such; also that the court did not make findings on certain issues. The findings of fact and conclusions of law are set forth in the memorandum decision and in the supplemental memorandum decision. They are divided into the separately numbered paragraphs and the factual findings and legal conclusions are separately stated. The trial court's findings and conclusions were sufficient under Rule 52(a).

■ Defendant also contends that the court erred in failing to join as necessary parties the adjoining land owners across whose property the road also extended. This action was brought to enjoin defendant Dyer from obstructing the particular part of the road where it passed through his property. "An injunction is a writ or order requiring a person to refrain from a particular act." I.C. § 8-401.

IRCP Rule 65(d) provides:

"Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference

to the complaint or other document, the act or acts sought to be restrained; *and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them (who) receive actual notice of the order by personal service or otherwise.*" (Emphasis supplied).

The judgment herein enjoined only "defendant, Glenn Dyer, his agents and servants" from obstructing and destroying or blocking the road where it crossed his property, and adjudged the road a county road only where it crossed defendant's land. The county took no action which would affect the rights, liabilities, or property of any adjoining land owners. The adjoining owners were not necessary parties to this action. IRCP Rules 19(a), 20(a), 20(b), and 21; McNeil v. Kennedy, 88 W.Va. 524, 107 S.E. 203 (1921); see Annot. 28 A.L.R. 2d 409 (1953).

■■ Defendant also contends that the court erred in reopening the trial on its own motion to receive further evidence on a proper description of the roadway as it traversed the Dyer land. Reopening or refusing to reopen a trial for the purpose of hearing further evidence on a particular issue is within the sound discretion of the trial court. Metzker v. Lowther, 69 Idaho 155, 204 P.2d 1025 (1949); Silkey v. Tiegs, 51 Idaho 344, 5 P.2d 1049 (1931); King v. Mattingly, 49 Idaho 618, 292 P. 220 (1930); Froman v. First Nat. Bank, 35 Idaho 10, 204 P. 145 (1922). Such action may be taken by the court on motion of a party or on the court's own motion. Walsh v. Schafer, 61 A.2d 716 (Mun.Ct.App., D.C.1948); Brownlee v. Miller, 208 S.C. 252, 37 S.E.2d 658 (1946); see J. W. Paxson Co. v. Board of Chosen Freeholders of Cumberland County, 201 F. 656 (3rd Cir. 1912); cf. Sprague v. Woll, 122 F.2d 128 (7th Cir. 1941); IRCP Rules 59(a), 59(d); Sinnett v. Werelus, 83 Idaho 514, 365 P.2d 952 (1961); Kosanke v. Kopp, 74 Idaho 302, 261 P.2d 815 (1953). No abuse of discretion has been shown in the action of the court herein.

By his final assignment of error, defendant complains of the admission in evidence of plaintiff's exhibit 2, a survey map of the area involved in the issues presented. The map was prepared by one Arthur Tigglebeck in his professional capacity as county surveyor of Bonner County. Defendant contends the exhibit was inadmissible hearsay evidence. Calvin Huff, who was a county commissioner from 1938 through 1954, with the exception of one two-year period, testified that the county commissioners ordered Mr. Tigglebeck to survey the road in 1950. On the map appears the notation: "C.L. of Present Road as surveyed Feb. 21, 1950, by Arthur Tigglebeck, Co. Sur." The witness William Warren, through whom the exhibit was introduced, testified that he had owned property along the roadway in dispute from 1941 until the day of the trial, and that he had obtained the exhibit from Mr. Tigglebeck himself. When the exhibit was first offered, plaintiff's counsel stated that it was offered "for illustrative purposes to show the legal description in accordance with the resolutions of the county commissioners." At that time the court refused to admit the exhibit. However, it was subsequently ordered "admitted into evidence to show: 1. Corroborative evidence that the road was actually surveyed in 1950 prior to the County Commissioners' execution of Plaintiff's Exhibit No. 1, a resolution making said roadway a county road, and 2. That there were no other roads in the area, crossing the north end of defendant's property when Plaintiff's Exhibit No. 1 was executed by the County Commissioners."

Upon trial defendant's attorney stated that Mr. Tigglebeck was dead, thus obviating the necessity of proof on that point. See State v. Trimming, 89 Idaho 440, 406 P.2d 118 (1965).

Plaintiff's exhibit 2 would have been admissible if limited to illustrative purposes. See McKee v. Chase, 73 Idaho 491, 253 P. 2d 787 (1953). However, the court admitted the exhibit to prove two facts set forth therein. Since the map was an out-of-court statement of a person not under oath and not subject to cross-examination, it constituted inadmissible hearsay, except that it appears from the record that it comes within an exception to the hearsay rule. I.C. § 9–408 in part provides:

"The entries and other writings of a decedent, made at or near the time of the transaction, and in a position to know the facts stated therein, may be read as prima facie evidence of the facts stated therein, in the following cases:

"1. * * *

"2. When it was made in the professional capacity, and in the ordinary course of professional conduct.

"3. * * *"

Exhibit 2 was admissible under the statute. Moreover, we could not regard the admission of the exhibit as reversible error even in the absence of statute. It was merely cumulative of other competent evidence adduced upon the trial. Defendant was not prejudiced by its admission. IRCP Rule 61; Knudson v. Bank of Idaho, 91 Idaho 923, 435 P.2d 348 (1967).

Judgment affirmed.

Costs to respondent, except that no costs are allowed to respondent for its brief which does not comply with Rule 41 of the rules of this court in that the decisions of this court cited therein do not contain reference to the Idaho Reports.

SMITH, C. J., and McQUADE, McFADDEN and SPEAR, JJ., concur.