812 P.2d 274

**DAVISON'S AIR SERVICE, INC.,**
Plaintiff–Appellant,

v.

**Herb MONTIERTH,**
Defendant–Respondent.

No. 18930.

Supreme Court of Idaho,
Boise, February 1991 Term.

May 9, 1991.

Kenneth D. Roberts, Caldwell, for plaintiff-appellant.

William J. Tway, Boise, for defendant-respondent.

McDEVITT, Justice.

The respondent, Herb Montierth, hired the appellant, Davison's Air Service, to apply herbicide and insecticide to 240 acres of grain. This case arose when the appellant brought suit to recover payment of approximately $12,300 for the spraying. The respondent counterclaimed, alleging that the chemicals had been applied in a negligent manner, and that as a result, the respondent had been damaged in the amount of $25,340. The trial judge issued a Memorandum Opinion ruling that the appellant had applied an inadequate amount of herbicide to the grain, and that the respondent had been damaged, but that those damages were not proven sufficiently.

Prior to entry of judgment, the respondent filed a Motion for Rehearing or in the alternative, a Motion to Reopen or Motion for New Trial on Damage Issue. Appellant filed a Motion to Strike on the grounds that the respondent had not specified any grounds in support of the motion. The respondent filed another motion, stating that the original motion was based on Idaho Rules of Civil Procedure 59(a)(7). The district court heard arguments and issued another Memorandum Decision ruling that it had the authority to reopen the matter and take new evidence pursuant to I.R.C.P. 59(a)(7). The Court of Appeals found that the district judge had not abused his discretion in reopening the suit. We affirm.

Appellant urges that in order to reopen a case there must exist a basis for that reopening under I.R.C.P. 59(a),[1] and that the court must look solely to that rule to determine its ability to reopen a case. We disagree.

The Idaho Rules of Civil Procedure are not designed to be all inclusive. The rules

---

1. **Rule 59(a). New Trial—Amendment of judgment—Grounds**—A new trial may be granted to all or any of the parties and on all or part of the issues in an action for any of the following reasons:

do not prescribe everything that takes place in the courtroom, during a trial, pre-trial proceedings, or post-trial proceedings. Not everything that happens in a lawsuit will fit neatly under a particular rule. The drafters of the rules took this into consideration when they drafted I.R.C.P. 1(a) which states: "[t]hese rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action and proceeding." This rule has been stated to be a "constant reminder that the rules are to be liberally construed, and a just result is always the ultimate goal to be accomplished." *Sines v. Blaser*, 98 Idaho 435, 439, 566 P.2d 758, 762 (1977).

■ This Court has recognized the power of a court to reopen a case prior to final judgment. This discretionary power was not granted pursuant to I.R.C.P. 59(a), but arose separately, through case law. Reopening a case to admit additional evidence is not analogous to granting a new trial.

■ The trial court's decision to reopen this case and take new evidence prior to entry of judgment was within its discretion and will not be reversed on appeal absent a showing of abuse. *Gano v. Air Idaho, Inc.*, 99 Idaho 720, 587 P.2d 1255 (1978); *County of Bonner v. Dyer*, 92 Idaho 699, 448 P.2d 986 (1968); *Froman v. First Nat. Bank*, 35 Idaho 10, 204 P. 145 (1922).

■ This standard was articulated in *Lisher v. Krasselt*, 96 Idaho 854, 857, 538 P.2d 783, 786 (1975):

We decline to ascribe a definitive meaning to the amorphous phrase "abuse of discretion" solely for the purposes of this

case, but it will suffice to say, that where the trial court has exercised such discretion after a careful consideration of the relevant factual circumstances and principles of law, and without arbitrary disregard for those facts and principles of justice, we will not disturb that action.

In *Silkey v. Tiegs*, 51 Idaho 344, 5 P.2d 1049 (1931), the appellants appealed from an order refusing to reopen the case, and the Court stated:

Granting or refusing a motion to reopen a case for the purpose of taking further or additional evidence, after it has been submitted for decision, but before entry of judgment, rests in the discretion of the trial judge.

*Silkey*, 51 Idaho at 350, 5 P.2d at 1055 (citations omitted).

Here, the trial court issued a Memorandum Decision, but the Motion to Reopen was filed and ruled on before any judgment was entered. The trial judge exercised his discretion in reopening the matter. Respondent has not shown any abuse of discretion, nor do we find an abuse of discretion after a review of the record before us. Therefore we affirm the trial court's decision to reopen the case.

Costs to respondents. No attorney fees on appeal.

BAKES, C.J., and BISTLINE, JOHNSON and BOYLE, JJ., concur.

---

1. Irregularity in the proceedings of the court, jury or adverse party or any order of the court or abuse of discretion by which either party was prevented from having a fair trial.
2. Misconduct of the jury.
3. Accident or surprise, which ordinary prudence could not have guarded against.
4. Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial.
5. Excessive damages or inadequate damages, appearing to have been given under the influence of passion or prejudice.
6. Insufficiency of the evidence to justify the verdict or other decision, or that it is against the law.

7. Error in law, occurring at the trial. Any motion for a new trial based upon any of the grounds set forth in subdivisions 1, 2, 3 or 4 must be accompanied by an affidavit stating in detail the facts relied upon in support of such motion for a new trial. Any motion based on subdivisions 6 or 7 must set forth the factual grounds therefor with particularity. On a motion for new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions and direct the entry of a new judgment.