170 P.2d 609

**HOAGLAND v. HOAGLAND.**

No. 7284.

Supreme Court of Idaho.

June 21, 1946.

J. H. Felton, of Moscow, for appellant.

W. J. Nixon, of Bonners Ferry, for respondent.

MILLER, Justice.

February 25, 1944, on the complaint of Donald J. Hoagland, respondent, then plaintiff, against Margaret Hoagland, appellant, then defendant, a decree of divorce was made and entered by Judge Bert A. Reed, and filed in Boundary County, Idaho. In said decree it was ordered, adjudged and decreed that the care, custody and control of Marilynn Joan Hoagland, a minor, six years of age, be granted and awarded to appellant, and it was further ordered, adjudged and decreed that the respondent pay to appellant the sum of $25 per month for the care and support of said minor child until she attain the age of ten years, after which the respondent was to pay appellant for said child's support the sum of $35 per month until said child attains her majority. The decree also provides that a property settlement between the parties is confirmed.

August 10, 1945, respondent filed an application, supported by affidavit, for modification of the decree of divorce and requesting that there be awarded to him the care, custody and control of Marilynn Joan Hoagland, formerly awarded to appellant. The hearing on said application for modification was before Judge A. L. Morgan. On October 24, 1945, filed October 26, 1945, Judge Morgan made and entered an "Order Modifying Decree," and in which it is shown that findings of fact and conclusions of law having been heretofore made and entered herein, "It is hereby ordered, adjudged and decreed, and this does order, adjudge and decree, that the decree of divorce heretofore made and entered in said cause on the 25th day of February, 1944, be and the same hereby is, modified to the extent that the care, custody and control of Marilynn Joan Hoagland be, and the same hereby is, changed to and granted to the plaintiff, Donald J. Hoagland, effective on and after the 12th day of January, 1946, and until further order of the district court." Liberal terms for visitations are provided.

Both appellant and respondent remarried shortly after the decree of divorce. The appellant now resides at Grangeville, and respondent near Bonners Ferry, Idaho. The chief cause for the modification of the decree seems to be based upon the ground that Donald J. Hoagland, Jr., a minor, then twelve years of age, who was awarded by the decree to respondent, and Marilynn

Joan Hoagland, are very much attached to each other and their separation causes a great deal of nervousness on the part of both minors, especially after they are together and then separated again.

Margaret Hoagland Magnuson, appellant, testifying in her own behalf, shows:

"Q. There was an order in the divorce decree that your former husband, Mr. Hoagland, should pay you $25.00 a month for Marilynn. Has that been paid? A. No.

"Q. Have you asked for it? A. Yes.

"Q. What were you told? A. To see his lawyer.

"Q. Who has supported Marilynn since you married? A. Mr. Magnuson."

In her counter-affidavit is the following: "Defendant further prays that the plaintiff be required in this proceeding to show cause, if any there be, why he should not be adjudged in contempt of this court for failure to comply with the decree thereof in the payment of support money for his child, and in other particulars."

In Paragraph XII of the findings is the following: "There is no pleading and no evidence in this case that permits the making of any order or judgment with reference to the past due payments of support money."

Irrespective of what the trial judge may have had in mind, the record shows that respondent had made none of the monthly payments ordered in the decree of divorce, nor had he applied to the court to be relieved from making the same. His failure to make the payments placed him in contempt and he was not entitled as a moving party to any consideration until purged of the contempt. As was said in the recent case of Brown v. Brown, 66 Idaho 625, 165 P.2d 886, 887:

"In the second place, being in default, therefore in contempt, as was appropriately found by the trial Court, until purged of the contempt by payment of past-due installments, appellant has no right as a moving party to be heard in connection therewith or as to the modification of future payments under the original decree. Sauvageau v. Sauvageau, 59 Idaho 190, at page 193, 81 P.2d 731."

In the Sauvageau v. Sauvageau case, supra [59 Idaho 190, 81 P.2d 732], it is said:

"Briefs have now been filed and we should observe, in the outset, that it appears that appellant is in contempt of the district court for failure to comply with the order and judgment of the court, requiring him to pay attorney's fees and monthly support and maintenance for the wife and child. Under such circumstances, it is doubtful if the appellant would be entitled to a hearing on appeal until he either complies with the order or purges himself of contempt; but we are not passing on that question (Vollmer v. Vollmer, 43 Idaho 395, 399, 400, 253 P. 622; Bedke v. Bedke, 57 Idaho 443, 449, 65 P.2d 1029)

for the reason that the respondent is the one in whose favor the order was made and she is the one who applied to the court to set the case down for hearing on its merits."

Paragraph I of the Conclusions of Law states: " * * * that said decree be further modified to terminate all payments for the support of said minor on and after the 12th day of January, 1946, and upon the change of custody herein provided; that, otherwise, said decree remains in full force and effect * * *."

The quotations from the findings, conclusions, and order or decree modifying the original decree are made for the purpose of showing that the modification and change of custody is unconditional and without apparent consideration of past due or future installments.

In the case of Simpson v. Simpson, 51 Idaho 99, 4 P.2d 345, 347, it is said:

"The courts have uniformly held that the power to modify such installments is prospective and not retroactive (citing cases). In Cormana v. Naron, supra [37 Idaho 482, 488, 217 P. 597], this court followed the rule announced in Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905, 28 L.R.A.,N.S., 1068, 20 Ann.Cas. 1061, and held that a decree rendered by a Colorado court in a divorce action was, as to all past-due installments, a final judgment at law, and as such entitled to protection under the full faith and credit clause of the Constitution of the United States. The case of Sistare v. Sistare, supra, was also approved by this court in Simonton v. Simonton, 33 Idaho 255, 263, 193 P. 386, 388, wherein it was said: 'The order directing the deceased to pay appellant $15 per month was not an interlocutory order, under the weight of authority, but a final judgment as to installments actually accrued.' "

The proof is conflicting, and the only question of significance is that of placing the minors together because of their attachment one for the other and the recurring nervousness of both when separated from each other. Regardless, however, of the facts found to exist, the trial court was without authority to proceed with the hearing or modify the decree until the applicant had purged himself of the contempt by payment of the delinquent installments.

The proceeding is reversed with directions to dismiss the same. Costs awarded to appellant.

BUDGE and GIVENS, JJ., concur.

AILSHIE, C. J., and HOLDEN, J., did not sit at the hearing or participate in the opinion.