965 P.2d 1292

**Kris FISCHER, an individual, Plaintiff–Appellant,**

v.

**THE BOARD OF TRUSTEES OF THE MERIDIAN JOINT SCHOOL DISTRICT NO. 2; Wally Hedrick, Steven Mann, Larry Andrews, Holly Houfburg, and Jim Keller, who are named in their official capacities only, Defendants–Respondents.**

No. 23830.

Supreme Court of Idaho, Boise, March 1998 Term.

Aug. 13, 1998.

Rehearing Denied Oct. 29, 1998.

John E. Rumel, Boise, argued for appellant.

Hawley, Troxell, Ennis & Hawley, Boise, for respondents. Merlyn W. Clark argued.

WALTERS, Justice.

This is a dispute between a school teacher, Kris Fischer, and the board of trustees of the school district (the Trustees) involved in the renewal of Fischer's teaching contract. Fischer appeals from an order by the district court dismissing Fischer's action against the Trustees after the court denied Fischer's request for injunctive relief. The case was submitted to this Court for decision following argument on the merits of the appeal and upon a motion by the Trustees to dismiss the appeal on the ground of mootness. The Court concludes that the Trustees' motion should be granted and the appeal dismissed because the question of Fischer's right to injunctive relief has become moot.

■ The underlying action sought an injunction from the district court to prohibit the Trustees from holding a nonrenewal hearing concerning Fischer's employment as a teacher. In her complaint, Fischer asserted that particular acts and conduct of the Trustees demonstrated bias or sufficient evidence of probable bias against Fischer to disqualify the Trustees from holding the nonrenewal proceeding. After a hearing, the district court concluded that the injunction should not issue and, since the injunction was the sole relief sought, dismissed the action. Fischer timely appealed, challenging the district court's decision not to grant injunctive relief. During the pendency of the appeal, the nonrenewal hearing was held, which resulted in a determination by the Trustees that Fischer's teaching contract would not be renewed. The Trustees then moved to dismiss this appeal, arguing that the question of whether Fischer's request for an injunction should have been granted had become a moot issue because the nonrenewal hearing already had occurred.

■ It is well settled that the decision whether to grant injunctive relief is committed to the sound discretion of the trial court.

*Milbert v. Carl Carbon, Inc.,* 89 Idaho 471, 479, 406 P.2d 113, 118 (1965). The exercise of discretion by the trial court in granting or refusing an injunction will not be reversed on appeal unless a clear abuse of discretion is shown. *Id.* The district court's role in deciding whether an injunction should issue in the proceedings below conformed to the opinion of this Court in *Johnson v. Bonner County School Dist. No. 82,* 126 Idaho 490, 887 P.2d 35 (1994), which addressed the authority of a trial court to grant an injunction, in circumstances similar to those in the present case, after the trial court had decided it lacked authority to enjoin the trustees of a school district. We concluded in *Johnson* that a trial court may enjoin a decisionmaker from conducting a due process hearing, upon a showing that there is a probability that the decisionmaker will decide unfairly any issue presented in the hearing. Here, recognizing its authority as outlined in *Johnson,* the district court below concluded from the evidence presented "that the plaintiff has not met the required showing of *Johnson*" to justify the issuance of an injunction.

In *Johnson,* we also declined to determine whether the trial court would have abused its discretion by either granting or denying Johnson an injunction prohibiting the board of trustees of the school district from holding a hearing concerning Johnson's continued employment as a teacher and as a school principal. We took that action because the board of trustees had already held the hearing, and the question of the grant or denial of an injunction had become moot. Moreover, although we could have remanded the case to the district court with directions to engage in an exercise of its discretion to decide whether to issue an injunction, we did not do so because of the mootness of the injunctive relief question. 126 Idaho at 494, 887 P.2d at 39.

Likewise in this case, the nonrenewal hearing has already occurred, rendering moot the question of whether the district court abused its discretion by denying injunctive relief. As this Court said many years ago in *Abels v. Turner Trust Co.,* 31 Idaho 777, 779, 176 P. 884, 885 (1918):

It will be observed from examination of the Idaho cases above cited that this court will not entertain an appeal when the substance of the controversy between the parties has disappeared and only a moot question remains to be determined.

The sole purpose of this appeal is to procure a review and reversal of the order of the trial court dissolving a preliminary injunction. The act sought to be enjoined has now been done, and nothing this court can do, or direct the trial court to do, will alter that fact or result in relief to appellant. The appeal is dismissed.

*See also Detweiler Mercantile Co. v. Babcock,* 44 Idaho 777, 778, 260 P. 162 (1927).

Although Fischer's dissatisfaction with the outcome of the nonrenewal hearing might be explored through application for other remedies, a modification of the district court's discretionary decision not to enjoin the Trustees from participating in and deliberating on the nonrenewal hearing is clearly unavailable upon appellate review in the instant proceeding, due to mootness.

The appeal is hereby dismissed. Costs to respondents; no attorney fees are awarded on appeal.

TROUT, C.J., and JOHNSON, SCHROEDER, JJ., and WOODLAND, J., Pro Tem, concur.