IN THE SUPREME COURT OF THE STATE OF IDAHO

Docket No. 41485-2013

| | | |
|---|---|---|
| IN THE MATTER OF THE GUARDIANSHIP OF JANE DOE AND JANE DOE I. | ) ) ) ) ) | Boise, November 2014 Term |
| | ) | 2014 Opinion No. 136 |
| ANDY BOND and RONNA BOND, husband and wife, | ) ) ) | Filed: December 18, 2014 |
| | ) | Stephen W. Kenyon, Clerk |
| Petitioners-Appellants, | ) ) | |
| v. | ) ) | |
| AMBER ROUND, | ) ) | |
| Respondent. | ) ) ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County.  Hon. Michael McLaughlin, District Judge; Hon. Roger E. Cockerille, Magistrate Judge.

The decision of the district court is affirmed in part and reversed in part.

Derek A. Pica, Boise, argued for appellants.

Joshua A. Townsend, Sr., Arkoosh Law Offices, Boise, argued for respondent.

_____

EISMANN, Justice.

This is an appeal by guardians out of Ada County from a decision of the district court affirming an order of the magistrate court granting a mother visitation with her children who are under guardianship and affirming the magistrate court's sua sponte denial of attorney fees to both parties without a hearing.  We agree that the magistrate court did not err in granting the mother visitation with her children, but on different grounds than asserted by the district court, and we reverse the district court's decision that the magistrate court did not err in denying an award of attorney fees sua sponte without the opportunity for a hearing.

# I.
## Factual Background.

On September 15, 2009, Andy and Ronna Bond filed this action to be appointed guardians of two children who were at that time two and eight years of age. The older child had lived with the Bonds off and on for the first six years of her life, and both children had lived with them exclusively since June 2007. The Bonds (Guardians) were initially appointed temporary guardians of the children. Amber Round (Mother) is the mother of the children. She was initially represented by counsel, but he was permitted to withdraw and she did not file a timely notice of how she would proceed.[1] Her default was entered on March 17, 2010, and she filed a motion to set aside the default on the same day. The following day, she also filed a notice of appearance, informing the magistrate court that she would be representing herself. She claimed that she had moved and did not receive notice of her attorney's withdrawal.

On March 25, 2010, the magistrate court held a hearing on Mother's motion to set aside the default. The court found, considering the evidence presented and Mother's credibility and demeanor, that service was properly made upon her. It therefore denied her motion to set aside the default.

On April 8, 2010, the magistrate court appointed the Guardians upon the ground that Mother and Ty Round, the children's father (Father), were unable to provide the children with a stable home environment. Father and Mother were later divorced on November 15, 2010.

Mother appealed to the district court. On May 18, 2010, she filed in the district court a petition to terminate the guardianship and a motion to allow for visitation. These motions were apparently transferred to the magistrate division of the district court.

---

[1] When, as in this instance, an attorney needs leave of court to withdraw as counsel for a client, the attorney must file a motion and serve it upon all parties, including the attorney's client. I.R.C.P. 11(b)(2). If the court grants leave to withdraw, the order permitting withdrawal "shall direct the party whose attorney is withdrawing to appoint another attorney to appear, or to appear in person by filing a written notice with the court stating how the client will proceed without an attorney, within 20 days from the date of service of the order." I.R.C.P. 11(b)(3). The order must also state that if within that 20-day period the party fails to file a written appearance in person or through new counsel, "such failure shall be sufficient ground for entry of default and default judgment against such party or dismissal of the action of such party, with prejudice, without further notice, which shall be stated in the order of the court." *Id.* The clerk of the court must immediately serve the order upon the withdrawing attorney's former client by mailing a copy of the order to the client at the address designated by the withdrawing attorney as the one most likely to give notice to the former client. I.R.C.P. 11(b)(3), 77(d). This procedure was followed in this case.

On December 30, 2010, the district court affirmed the magistrate court's denial of the motion to set aside the default and its appointment of Guardians. The district court awarded Guardians $7,965.00 as attorney fees on the ground that the appeal was frivolous.

Mother's motion to terminate the guardianship was set for trial to commence on January 11, 2011, in the magistrate court, but prior to that date she had been sentenced to a minimum of two years in prison, with the district court retaining jurisdiction to consider suspending the sentence and placing her on probation after completion of a rehabilitation program in prison. During the pendency of the guardianship, Mother struggled with addiction to methamphetamine and committed felony and misdemeanor offenses. As a result of Mother's incarceration, the petition was dismissed without prejudice on March 1, 2011. The magistrate court awarded Guardians court costs and attorney fees totaling $35,521.25.

Mother was released from prison in July. On December 8, 2011, Mother again filed a petition to terminate the guardianship. She also filed a motion seeking visitation with her children from 5:00 p.m. on Friday until 5:00 p.m. on Sunday pending the final outcome of her petition to terminate and a shared holiday schedule where she could spend meaningful time with her children during Christmas vacation. The magistrate court later denied that motion on January 25, 2012, but the order doing so is not in the record on appeal.

On December 13, 2011, Guardians filed a motion seeking to stay all proceedings until Mother paid the court costs and attorney fees previously awarded against her. That motion was heard on January 27, 2012, and the magistrate court orally denied the motion at the conclusion of the hearing. The court also entered an order denying the motion, but that order is not in the appellate record.

Trial was scheduled to commence on April 12, 2012, but on that date Guardians raised the issue that Father was an indispensable party. The magistrate court agreed, and the matter was postponed so that he could be served. The trial was reset for August 16, 2012, but on that date the guardian ad litem pointed out that Father had not been given notice of the hearing. The trial was then postponed to December 6 and 7, 2012.

The magistrate court entered its findings of fact and conclusions of law on January 9, 2013. It found that terminating the guardianship would not be in the children's best interest, but that Mother should be granted visitation with the children. The court also held that both parties would bear their own costs and attorney fees. Mother timely appealed to the district court. It

affirmed the order of the magistrate court in its entirety, and Guardians then timely appealed to this Court. In an appeal from a district court's determination of a case appealed to it from the magistrate court, we review the decision of the district court to determine whether it correctly applied the applicable standard of appellate review. *Peterson v. Peterson*, 156 Idaho 85, 88, 320 P.3d 1244, 1247 (2014).

## II.
## Did the District Court Err in Upholding the Magistrate Court's Denial of Guardians' Requested Stay?

On December 8, 2011, Mother filed her petition to terminate the guardianship. On December 13, 2011, Guardians filed a motion to stay resolution of Mother's petition until she had paid the two judgments awarded against her for costs and attorney fees incurred by Guardians in earlier proceedings in this case.[2] The magistrate denied the motion for a stay, and on appeal the district court held that the magistrate court did not abuse its discretion in doing so.

The magistrate court denied the motion to stay, held an evidentiary hearing on Mother's motion, and denied the motion. Any contention that it abused its discretion in denying the

---

[2] Guardians did not cite any authority that would permit the stay they requested. They cited Rule 41(d) which provides that "[i]f a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant," a court may stay proceedings until the plaintiff has paid the costs of an action previously dismissed. I.R.C.P. 41(d). Rule 41(d) has no application to these proceedings. It applies where "a *plaintiff* who has once dismissed *an action* in any court commences an action based upon or including the same claim against the same defendant." I.R.C.P. 41(d) (emphases added). Mother was not the plaintiff in this action; it was Guardians who commenced this action to be appointed as guardians of Mother's children. Mother did not dismiss any prior *action* against Guardians; she dismissed a prior *motion* to terminate the guardianship that was brought in this action.

Guardians also argue: "[T]he ruling is inconsistent with *Rodriguez v. Rodriguez*, 150 Idaho 614, 249 P.3d 413 (2011) wherein the Idaho Supreme Court ruled a party in contempt cannot move to modify custody of [sic] visitation of children." Actually, *Rodriguez* was an opinion issued by the Idaho Court of Appeals, not by this Court. In *Rodriguez*, the Court of Appeals affirmed an appellate decision of the district court holding that the magistrate court erred in refusing to hear a mother's motion to amend visitation on the ground that she was in contempt for nonpayment of child support where there had been no hearing to determine whether she had the current ability to purge the contempt. 150 Idaho at 618, 249 P.3d at 417. In this case, Mother was not found in contempt. The only similarity between the two cases is that here the magistrate court stated it would not stay the proceedings because Mother did not have "wealth or resources" and requiring payment would close the courthouse door to her and in *Rodriguez* the Court of Appeals held that the district judge correctly held that the mother in that case could not be denied a hearing without a determination that she was financially able to purge the contempt. Guardians are also apparently unaware that in *State Department of Health & Welfare v. Slane*, 155 Idaho 274, 279, 311 P.3d 286, 291 (2013), this Court overruled the opinions upon which *Rodriguez* was based, holding that those opinions, which permitted a court to refuse to hear a motion brought by a party in contempt for nonpayment of child support violated Article 1, § 18, of the Idaho Constitution.

4

motion for a stay is moot. *Fischer v. Bd. of Trustees of Meridian Joint Sch. Dist. No. 2*, 131 Idaho 856, 857, 965 P.2d 1292, 1293 (1998).

## III.
### Did the District Court Err in Holding that Guardians' Challenge to the Magistrate Court's Denial of the Petition to Terminate the Guardianship Was Moot?

The magistrate court denied Mother's petition to terminate the guardianship. In their appeal to the district court, Guardians argued that the magistrate court used the wrong standard in denying Mother's motion to terminate the guardianship. The district court held on appeal that because Guardians had prevailed on Mother's motion, any challenge to it was moot.

"A case is moot if it presents no justiciable controversy and a judicial determination will have no practical effect upon the outcome." *Goodson v. Nez Perce Bd. of Cnty. Comm'rs*, 133 Idaho 851, 853, 993 P.2d 614, 616 (2000). For example, a case is moot when: "The appellants have received all the relief to which they might have been found to be entitled. Only hypothetical questions remain. It being impossible for this court to grant appellants other or additional relief, we will not proceed to formal judgment on the hypothetical issues but will dismiss the appeal." *Dorman v. Young*, 80 Idaho 435, 437, 332 P.2d 480, 481 (1958).

In this case, Guardians received all of the relief to which they were entitled with respect to the merits of Mother's petition to terminate the guardianship. The petition was denied.

They argue that the case is not moot because the magistrate court used the wrong legal standard in denying Mother's motion. This Court has recognized three exceptions to the mootness doctrine: "(1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest." *Ameritel Inns, Inc. v. Greater Boise Auditorium Dist.*, 141 Idaho 849, 851-52, 119 P.3d 624, 626-27 (2005). Although Guardians do not expressly argue this exception, their argument would fit within the first exception. A guardianship is a continuing case until the guardianship is terminated. Any future petition to terminate the guardianship would probably be brought in this case and heard by the same magistrate judge. If the magistrate court applied the wrong standard in ruling upon Mother's motion, it may apply the same standard in ruling upon a subsequent motion. Deciding whether the correct standard was applied in ruling

5

on Mother's motion would preclude having to appeal based upon that issue if Mother again moved to terminate the guardianship and the court granted her motion. *See State v. Manley*, 142 Idaho 338, 343-44, 128 P.3d 954, 959-60 (2005).

Guardians raise two contentions regarding the magistrate court's alleged use of the wrong standard. First, they argue that the court "set forth a 'roadmap' for Amber to successfully prevail in terminating the guardianship in a subsequent proceeding that is based upon an erroneous legal standard for the termination of a guardianship." In its findings of fact and conclusions of law, the court wrote:

> In the future, Amber needs to: 1) get her financial affairs in order; 2) obtain adequate living accommodations for herself and her children; 3) continue to abide by all terms and conditions of her probation; 4) establish that she can remain drug free outside of the watchful eye of her mother; 5) establish that she can be an involved and responsible parent during the overnight visitation; 6) maintain her full-time employment; 7) become more involved in the children's school and extra-curricular activities; and 8) attend and successfully complete a 16 hour parenting class from a qualified professional counselor.

On the same date that the court entered its findings of fact and conclusions of law, the court entered a document titled "Judgment and Decree Denying Petition to Terminate Guardianship." That document was incorrectly titled as being a "Judgment and Decree" rather than an order. Mother's petition was not a pleading, I.R.C.P. 7(a),[3] and therefore the denial of the motion did not constitute either the resolution of a claim for relief in the action or the termination of the action, for which a judgment could be entered. *Spokane Structures, Inc. v. Equitable Inv.*, LLC, 148 Idaho 616, 619, 226 P.3d 1263 1266 (2010). The magistrate court's order denying Mother's petition did not include the language quoted above from its findings of fact and conclusions of law. Thus, the quoted language was clearly not part of the court's order.

The court did not state that if Mother accomplished these things, the guardianship would terminate or that it would grant a motion to terminate the guardianship. It merely provided her guidance regarding areas of her life that she needed to correct. Guardians are to be commended

---

[3] Rule 7(a) of the Idaho Rules of Civil Procedure provides:

> There shall be a complaint and an answer; and there shall be a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under Rule 14 and there shall be a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

6

for supporting the children and providing them a stable, loving home. The children have thrived in their care. At the time of oral argument, Mother was again incarcerated, and neither counsel had any idea when she would be released. In making the challenged statement, the magistrate court was undoubtedly informing Mother that simply being the children's mother and wanting them to live with her was not a sufficient basis for terminating the guardianship. She would have to make significant changes in her life. The court may also have been hoping to discourage Mother from filing future frivolous motions to terminate the guardianship, thereby causing needless expense to Guardians. Under no stretch of the imagination could the court's statement be considered a legal standard that the court adopted for deciding any future motion to terminate the guardianship.

Second, Guardians argue that the magistrate court incorrectly denied Mother's motion on the ground that she failed to prove that termination of the guardianship was in the best interest of the children rather than on the ground that she failed to prove that Guardians were unfit or unqualified. They cite *In re Doe*, 148 Idaho 432, 224 P.3d 499 (2009), in support of this argument and contend that termination of the guardianship would require proving that Guardians were unfit or unqualified. Simply reading that case would show that the standard for removing a guardian on the ground that the guardian was unfit or unqualified was limited to a situation in which a party was attempting to remove a guardian appointed by the parents in their wills pursuant to Idaho Code section 15-5-202; it did not apply to the removal of a court-appointed guardian. *Id*. at 437-40, 224 P.3d at 504-07.

Guardians have failed to establish an exception to the mootness doctrine. Therefore, the district court did not err in holding that their appeal of the denial of Mother's motion was moot.

## IV.
### Did the District Court Err in Upholding the Magistrate Court's Order Granting Mother Visitation with Her Children?

At the time of these proceedings, there was no order permitting Mother to have visitation with her children. Guardians allowed Mother's mother to have visitation with the children in her home from Saturday to Sunday, and because Mother lived with her mother she was able to see the children during those visits. The magistrate court ordered that Mother be able to visit the

7

children in her mother's home from 5:30 p.m. on Friday until 5:30 p.m. on Saturdays, with the visitation being supervised by Mother's mother and the children sleeping in her home.

Guardians argued that the magistrate court did not have the authority to award Mother visitation with her children. The district court held that the court was granted that authority by Idaho Code section 15-5-212(b), which states that "[a]fter notice and hearing on a petition for removal or for permission to resign, the court may terminate the guardianship and make any further order that may be appropriate." The district court held that it would be too narrow of an interpretation to hold that the authority to "make any further order that may be appropriate" applied only if the motion to terminate the guardianship was granted.

"The interpretation of a statute is a question of law over which we exercise free review. It must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole." *A & B Irr. Dist. v. Idaho Dep't. of Water Res.*, 154 Idaho 652, 654, 301 P.3d 1270, 1272 (2012) (citations omitted). The district court misconstrued the statute.

The statute states: "After notice and hearing on a petition for removal or for permission to resign, the court may terminate the guardianship and make any further order that may be appropriate." The statute states that the court "may terminate the guardianship *and* make any further order that may be appropriate." I.C. § 15-5-212(b) (emphasis added). Under the clear wording of the statute, the further order may only be made if the court terminates the guardianship. Therefore, the district court misinterpreted the statute. However, "[w]here the lower court reaches the correct result by an erroneous theory, this Court will affirm the order on the correct theory." *Nampa & Meridian Irr. Dist. v. Mussell*, 139 Idaho 28, 33, 72 P.3d 868, 873 (2003).

Guardians argue that the magistrate court did not have subject-matter jurisdiction to award Mother visitation. They state, "Nowhere in the guardianship statutes (e.g. Idaho Code § 15-5-201 et. seq.) does it provide for court ordered visitation for a non-guardian." That argument misapprehends the nature of a guardianship. It is not a termination of parental rights; it is a limitation on parental rights.

We must start with the premise that "[a] parent has a fundamental liberty interest in maintaining a relationship with his or her child." *In re Adoption of Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). There is nothing in the guardianship statutes that purports to terminate

8

that parental right. Idaho Code section 15-5-209 states that the guardian of a minor "has the powers and responsibilities of a parent who has not been deprived of custody of his minor and unemancipated child." The powers of a parent who has not been deprived of custody of a minor child do not include the power to deprive the other parent of visitation with the child. *Doe v. Doe*, 149 Idaho 669, 239 P.3d 774 (2010) (upholding the change of primary physical custody from the mother to the father due to mother's refusal to permit the father to exercise visitation).

"Unless it is otherwise indicated in the order of guardianship, a court appointed guardian of a minor child is entitled to the custody of the ward. Custody is but an incident of guardianship." *In re Revello*, 100 Idaho 829, 832, 606 P.2d 933, 936 (1979). "The guardian is empowered to facilitate the ward's education, social, or other activities and to authorize medical or other professional care, treatment, or advice." I.C. § 15-5-209(3). "Until the guardianship is terminated, the guardian's right to custody of the minor is superior to that of the minor's parent." *In re Doe I*, 145 Idaho 337, 340, 179 P.3d 300, 303 (2008). However, that the guardian has a superior right to the custody of the child does not mean that the child's parent has no right to visitation with the child. "Guardianship proceedings in Idaho are governed by statute." *Doe v. Doe*, 150 Idaho 432, 434, 247 P.3d 659, 661 (2011). There is nothing in the guardianship statutes that purports to deny a parent visitation with his or her child during the guardianship. We recognized that fact in *Roe v. Doe*, 142 Idaho 174, 125 P.3d 530 (2005), where a parent defending an action to terminate his parental rights on the ground of neglect argued that the appointment of guardians for the child limited his ability to see his child. We stated, "Doe was also granted visitation in the guardianship order and could have used the legal system to enforce his visitation rights, had he truly been concerned about his inability to see Baby Doe." *Id*. at 178, 125 P.3d at 534. Although the appointment of a guardian for an unemancipated minor child is a significant restriction on the rights of the child's parent, it does not terminate the parent's right to visitation with the child.

The paramount issue in guardianship proceedings is the best interests of the child. *In re Guardianship of Copenhaver*, 124 Idaho 888, 892, 865 P.2d 979, 983 (1993). The best interests of the child is "the primary factor in the determination whether to appoint, and whom to appoint, as a guardian for such child," I.C. § 15-5-204; the court must appoint the person "whose appointment would be in the best interests of the minor," I.C. § 15-5-206; the court must appoint the person nominated by a child fourteen years of age or older, "unless the court finds the

9

appointment contrary to the best interests of the minor," *id*.; and the standard for removal of a court-appointed guardian or termination of the guardianship is the best interest of the child, *Doe v. Doe*, 150 at 436, 247 P.3d at 663.

The best interests of the child is likewise the standard governing visitation between the parent and the ward. If the guardian and the parent cannot agree on what visitation would be in the ward's best interest, including any restrictions or conditions for exercising visitation, then that matter will have to be determined by the court presiding over the guardianship action.

Finally, Guardians argue that Mother's motion did not include a request for visitation and that the district court would not address that issue on appeal. The district court held that because Guardians did not raise the issue before the magistrate court, they could not raise it for the first time on appeal.

Guardians assert that the district court erred, but they do not allege that they were prejudiced by either the magistrate court sua sponte awarding Mother visitation or the district court failing to address the issue. In their case in chief, Guardians called an expert witness to testify and elicited from the witness testimony that it was in the best interests of the children to continue visiting with their mother and to gradually increase the visitation. The questioning was as follows:

> GUARDIANS' COUNSEL: Q. At this time what do you believe is in the best interest for [the children]?
> EXPERT WITNESS: A. I think the best interest is for them to continue to live with their current living circumstances and to continue to visit with their mother on a regular basis to gradually increase the amount of time depending upon how they're doing and how the process of spending additional time with their mother goes. . . . .
> Q. With regard to the visits, do you think it's important that Amber would have some of those visits on her own without her mom being present, other family members?
> A. I would certainly think that that would be the logical next step, yes.

"The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." I.R.C.P. 61. Absent an argument that a party was prejudiced, we need not address the claimed error or defect in the proceeding. *Houston v. Whittier*, 147 Idaho 900, 904, 216 P.3d 1272, 1276 (2009). Because Guardians have not even asserted they were prejudiced, much less presented any argument on that issue, we will not address this alleged error on appeal.

# V.
## Did the District Court Err in Upholding the Magistrate Court's Denial of an Award of Attorney Fees?

In its order denying Mother's motion, the magistrate court wrote that "the parties shall bear their own attorney's fees and costs." Guardians argued to the district court that the magistrate court erred by summarily denying attorney fees. The district court held that the issue was improperly raised for the first time on appeal because they did not seek attorney fees before the magistrate, file any objection to the denial, or file a motion to reconsider it. In so ruling, the district court erred.

In its order, the magistrate court sua sponte ruled "that the parties shall bear their own attorney's fees and costs." Prior to the issuance of the court's order, neither party could have known what the court's ruling would be and would have no basis for claiming to be the prevailing party. Once the court ruled, Guardians did not have to file a memorandum of costs or object in order to preserve the issue for appeal. *Oakes v. Boise Heart Clinic Physicians, PLLC*, 152 Idaho 540, 544, 272 P.3d 512, 516 (2012). Likewise, Guardians did not have to file a motion for reconsideration in order to preserve the issue on appeal. *Parkside Sch., Inc. v. Bronco Elite Arts & Athletics, LLC*, 145 Idaho 176, 179, 177 P.3d 390, 393 (2008). Therefore, the district court erred in failing to vacate the magistrate court's sua sponte ruling that neither party was entitled to an award of court costs or attorney fees. In so ruling, we are not expressing any opinion as to whether either party is entitled to such an award. Assuming that Guardians properly make such a request on remand and there is a timely objection, the magistrate court must decide whether Guardians are entitled to costs under Rule 54(d)(1)(B) of the Idaho Rules of Civil Procedure. If the court determines that they are entitled to costs and they request an award of attorney fees under Idaho Code section 12-121, the court must decide, in its discretion, whether to award attorney fees under that statute. Those are decisions for the magistrate court, not for this Court to make on appeal.

# VI.
## Is Either Party Entitled to an Award of Attorney Fees on Appeal?

11

Guardians and Mother request an award of attorney fees on appeal pursuant to Idaho Code section 12-121. "In order to be eligible for an award of attorney fees under Idaho Code section 12-121, the party must be the prevailing party on appeal." *Armand v. Opportunity Mgmt. Co., Inc.*, 155 Idaho 592, 602, 315 P.3d 245, 255 (2013). Because both parties prevailed in part, we will not award attorney fees on appeal.

## IV.
## Conclusion.

We affirm the ruling of the district court except with respect to its holding that appellants did not preserve the issue of the magistrate court's sua sponte denial of court costs and attorney fees, which we reverse. We do not award costs or attorney fees on appeal.

Chief Justice BURDICK, Justices J. JONES, HORTON and Senior Justice Pro Tem WALTERS **CONCUR.**