**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51354**

| | |
|---|---|
| STATE OF IDAHO,<br><br>       **Plaintiff-Respondent,**<br><br>v.<br><br>MARISSA JEAN JENKS,<br><br>       **Defendant-Appellant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **Opinion Filed: June 24, 2025**<br><br>  **Melanie Gagnepain, Clerk** |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Theodore J. Fleming, District Judge; Hon. David C. Epis, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate division, <u>affirmed</u>.

Law Office of Jeffrey Brownson; Jeffrey Brownson, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Marissa Jean Jenks appeals from the district court's decision, on intermediate appeal, reversing the magistrate court's order dismissing her case. Jenks argues the State either failed to preserve any argument that the magistrate court should not have considered the underlying facts in deciding Jenks' motion to dismiss or invited the complained of error. Jenks claims the magistrate court did not err in granting her Idaho Criminal Rule 12(b) motion to dismiss because her conduct did not constitute resisting, delaying, or obstructing. Jenks also argues the State has not demonstrated that the magistrate court erred in dismissing her case pursuant to I.C.R. 48. The State argues Jenks failed to challenge the district court's ruling that the magistrate court abused its discretion when it dismissed Jenks' case pursuant to I.C.R. 12(b). The State also argues the district court did not err in reversing the magistrate court's order of dismissal. For the reasons set forth

1

below, the decision of the district court reversing the magistrate court's order of dismissal is affirmed.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Deputy Adam Searls responded to a reported car accident involving Jenks' adult daughter, Jordan. Prior to the deputy's arrival, Jordan had contacted her parents. When Deputy Searls arrived, Jenks was in her vehicle with Jordan in the seat behind her. Deputy Searls made contact with Jenks and Jordan. Deputy Searls asked for Jordan's driver's license, but Jenks told Deputy Searls that Jordan would not be providing her driver's license until Jordan's father, Ryan Jenks, arrived. Deputy Searls stated several times that he needed Jordan's driver's license so he could conduct the investigation regarding the vehicle crash. Ultimately, Deputy Searls returned to his vehicle without Jordan's driver's license or information regarding insurance and registration.

Thereafter, the State charged Jenks by uniform citation with resisting, delaying, or obstructing, Idaho Code § 18-705.[1] Jenks filed a motion to dismiss pursuant to I.C.R. 12(b), arguing her conduct did not violate I.C. § 18-705 because she merely "passively resisted" Deputy Searls' instructions but did not resist, delay, or obstruct.[2] The State opposed the motion. The magistrate court determined that there were not sufficient facts to support the charge and dismissed the case pursuant to Jenks' motion to dismiss. The magistrate court also found that the interests of justice supported dismissal pursuant to I.C.R. 48. The State appealed to the district court.

On intermediate appeal, the district court vacated the magistrate court's order, holding that the magistrate court abused its discretion in granting Jenks' motions to dismiss pursuant to I.C.R. 12(b) and 48. Jenks appeals from the district court's decision.

## II.

### STANDARD OF REVIEW

"On appeal of a decision rendered by the district court while acting in its intermediate appellate capacity, this Court directly reviews the district court's decision." *State v. Phipps*, 166

---

[1]     Jenks' husband, Ryan Jenks, was also cited for violating Idaho Code § 18-705. That appeal is pending in *State v. Jenks*, Docket No. 51353.

[2]     Idaho Code § 18-705 reads, in relevant part: "Every person who wilfully *resists, delays, or obstructs* any public officer, in the discharge, or attempt to discharge, of any duty of his office . . . is punishable by a fine not exceeding one thousand dollars ($1,000), and imprisonment in the county jail not exceeding one (1) year." (Emphasis added.)

Idaho 1, 4, 454 P.3d 1084, 1087 (2019). However, to determine whether the district court erred in reversing the magistrate court, we review the record before the magistrate court to determine whether substantial and competent evidence supports the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). Additionally, "[i]n an appeal from a district court's determination of a case appealed to it from the magistrate court, we review the decision of the district court to determine whether it correctly applied the applicable standard of appellate review." *In re Guardianship of Doe*, 157 Idaho 750, 753, 339 P.3d 1154, 1157 (2014).

## III.

## ANALYSIS

The parties make various arguments on appeal. Jenks argues the State either invited error or failed to preserve its argument for appeal that the magistrate court improperly considered evidence of the facts underlying the charge. Jenks claims the magistrate court did not err in granting her I.C.R. 12(b) motion to dismiss because her conduct did not constitute either obstructing or resisting. Jenks also argues the State failed to demonstrate the magistrate court erred in dismissing the case pursuant to I.C.R. 48. The State argues Jenks failed to challenge the district court's ruling that the magistrate court abused its discretion when it dismissed her case pursuant to I.C.R. 12(b). The State also argues the district court' did not err in reversing the magistrate court's order of dismissal.

The Idaho Supreme Court and the Idaho Court of Appeals use the same standard of review for a case in which there was an intermediate appeal, and as noted above, "directly reviews the district court's decision." *In re Estate of Peterson*, 157 Idaho 827, 830, 340 P.3d 1143, 1146 (2014). Because we review the district court's decision, the appellant has the burden to set forth any alleged errors regarding the district court's decision and to provide the relevant standard of review by which this Court is to review the district court's decision.

On intermediate appeal, the district court reached three legal conclusions. First, Jenks challenged the State's argument that the magistrate court erred in evaluating evidence of the facts underlying the charge in its ruling on Jenks' motion to dismiss under I.C.R. 12(b). The district court concluded that the argument raised by the State on intermediate appeal challenging the magistrate court's dismissal of the case was properly preserved. Second, the district court concluded the magistrate court abused its discretion in granting Jenks' I.C.R. 12(b) motion because

3

the magistrate court looked beyond what was alleged in the citation and made findings of fact based on evidence disclosed through the discovery process to determine that Jenks' conduct did not violate I.C. § 18-705. The district court reasoned that I.C.R. 12(b) requires the reviewing court to look at the essential facts set forth in the charging document to determine if the alleged conduct constituted a crime. Because Jenks was charged by citation, there was no formal charging document, and thus, no facts set forth which the magistrate court could review to determine whether the charged conduct constituted a crime. The district court further reasoned that Jenks' motion and the magistrate court's decision were "procedurally improper as [they] amounted to [a motion] for summary judgment on a uniform citation." The district court concluded that, where no formal charging document is filed, the correct procedure is for the defendant to file an I.C.R. 29(a) motion for judgment of acquittal because a defendant "may not force the State to make its case in a pretrial proceeding." Third, the district court concluded that the magistrate court erred in granting Jenks' motion to dismiss pursuant to I.C.R. 48 because I.C.R. 48 "does not authorize the functional equivalent of a summary judgment motion where the Idaho Criminal Rules do not have a provision comparable to that found in the Idaho Rules of Civil Procedure."

Preliminarily, we first address a procedural issue. On review of a district court's decision as an intermediate appellate court, the appellant's opening brief must generally provide a statement of issues, standard of review, and argument and authority related to the district court's decisions. *See* I.A.R. 35(a)(4), 35(a)(6); *Korn*, 148 Idaho at 415, 224 P.3d at 482; *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Failure to identify the issue as error by the district court (rather than the magistrate court), include or apply the correct standard of review, or provide argument and authority relevant to the correct standard of review and claim on review will ordinarily result in an unintentional waiver of the claims on appeal. *State v. Byrum*, 167 Idaho 735, 740, 476 P.3d 402, 407 (2020).

Although Jenks asks this Court to "procedurally reverse the district court," Jenks makes no argument regarding the district court's conclusions on any of the three above-listed issues. "Regardless of whether an issue is explicitly set forth in the party's brief as one of the issues on appeal, if the issue is only mentioned in passing and not supported by any cogent argument or authority, it cannot be considered by this Court." *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010)). Moreover, "[a] general attack on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue."

4

*Id.* Jenks' opening brief does not reference the district court's decision in her statement of issues or in the argument section, except to ask this Court to reverse the district court. Further, Jenks fails to directly present argument or authority regarding the standard of review by which we assess the district court's decisions or that the district court's factual or legal conclusions were incorrect. This is problematic because the district court reversed the decision of the magistrate court. If the district court was incorrect in either of its reasons for or its conclusions reversing the magistrate court on any of the above-listed issues, Jenks had an obligation to assert that assignment of error with particularity in her opening brief. Absent argument and authority explaining how the district court erred and the standard of review applicable to the error, this Court has no basis on which to assess the correctness of the district court's reasoning or conclusions or whether the reasoning and conclusions are supported by the record created in the magistrate court. *See Byrum*, 167 Idaho at 740, 476 P.3d at 407 (holding failure to challenge the district court's decision, on intermediate appeal, may result in a waiver of those claims on further appeal). A conclusory statement that this Court should reverse the district court is nothing more than a general attack on the district court's findings and conclusions with no specific reference to any legal errors. Without a challenge to any of the district court's findings, reasoning, or conclusions, Jenks has waived any claim of error by the district court and we will affirm the district court on any of the unchallenged bases.

## A.  Preservation of State's Argument on Intermediate Appeal

Jenks argues the State's argument on intermediate appeal was not preserved and points to the State's arguments in the magistrate court as support. However, Jenks does not argue, or show, what legal or factual errors the district court made in concluding the argument was preserved and fails to apply any relevant standard of review to the district court's decision. Because Jenks does not point to any error by the district court or provide argument in support, Jenks fails to explain why this Court should reverse the district court's conclusion. Where, as here, the district court reverses the magistrate court on grounds that are alleged to be unpreserved, Jenks' repeated challenges to what occurred in the magistrate court fails to address the reasoning and conclusions of the district court on this issue. Consequently, Jenks has waived any challenge to the district court's conclusion that the State's argument on intermediate appeal is preserved.

## B.  Jenks Fails to Challenge the District Court's Decision Reversing the Magistrate Court's Dismissal of the Case Pursuant to I.C.R. 12(b).

On appeal to this Court, Jenks fails to address either of the district court's holdings that the magistrate court's decision was: (1) "procedurally improper as [it] amounted to [a motion] for

summary judgment on a uniform citation"; and (2) where no formal charging document is filed, the correct procedure is for the defendant to file an I.C.R. 29(a) motion for judgment of acquittal because a defendant "may not force the State to make its case in a pretrial proceeding." Jenks' failure to challenge any of the district court's factual or legal holdings results in a waiver of the claim on appeal. *Byrum*, 167 Idaho at 740, 476 P.3d at 407.

C.     **Jenks Fails to Challenge the District Court's Decision Reversing the Magistrate Court's Dismissal of the Case Pursuant to I.C.R. 48.**

The magistrate court dismissed Jenks' case pursuant to I.C.R. 48 because the case represents an "unfortunate interaction between law enforcement and citizens that ended, I think, poorly with handcuffs and an arrest . . . [and that] it didn't really need to end up this way." The district court concluded that the magistrate court erred in granting Jenks' motion to dismiss pursuant to I.C.R. 48 because I.C.R. 48 "does not authorize the functional equivalent of a summary judgment motion where the Idaho Criminal Rules do not have a provision comparable to that found in the Idaho Rules of Civil Procedure." Jenks' failure to challenge any of the district court's factual or legal holdings results in a waiver of the claim on appeal. *Byrum*, 167 Idaho at 740, 476 P.3d at 407.

But even if preserved, Jenks acknowledges that it may be improper for a trial court to engage in a Rule 48 review that is tantamount to a summary judgment motion when considering the underlying facts but argues that it is a different question to ask if a magistrate court may consider the underlying facts when determining if the ends of justice would be best suited by a dismissal. Idaho Criminal Rule 48(a)(2) allows a court, after giving notice, to dismiss a criminal action on the motion of a party or sua sponte for any reason if the court concludes that the dismissal will "serve the ends of justice and the effective administration of the court's business." In *State v. Alley*, 155 Idaho 972, 981, 318 P.3d 962, 971 (Ct. App. 2014), Alley sought dismissal of his charges pursuant to I.C.R. 48. This Court held,

> the Idaho Criminal Rules do not have a provision comparable to a motion for summary judgment found in the Idaho Rules of Civil Procedure. A defendant may not have a case dismissed before trial based on discovery responses indicating that the state cannot prove the crime charged. Similarly, the defendant cannot prevail on a pretrial motion to dismiss when the issue deals with an ultimate fact to be proven at trial, thereby creating a form of summary judgment not provided for under the Criminal Rules. The only somewhat comparable motion would be a motion to dismiss on the ground that the evidence at the preliminary hearing did not show probable cause to believe that the defendant had committed the felony charged. Of course, that motion would require that there be a preliminary hearing,

6

which is not appropriate when a defendant is charged by grand jury indictment, as in this case.

*Alley*, 155 Idaho at 981, 318 P.3d 962 at 971 (internal citations omitted) (abrogated on other grounds by *State v. McKean*, 159 Idaho 75, 356 P.3d 368 (2015)). Jenks argues that a necessary part of an I.C.R. 48 motion is a review of the underlying conduct the State has prosecuted. However, the magistrate court did more than just consider the basic factual underpinnings of this case. The magistrate court noted it would have been helpful for the State to present additional evidence, but in the absence of that evidence, nonetheless engaged in weighing and assessing the evidence presented and concluded there was insufficient evidence to support the charges. This was engaging in precisely the analysis that is prohibited in *Alley*.[3]

Consequently, the district court did not err in reversing the magistrate court's dismissal of Jenks' case pursuant to I.C.R. 48.

## IV.

## CONCLUSION

Jenks fails to allege any error by the district court in reversing the magistrate court's order of dismissal. Thus, we affirm the district court's order on the unchallenged bases. However, even if preserved, the district court did not err. Therefore, the decision of the district court reversing the magistrate court's order of dismissal is affirmed.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.

---

[3] Additionally, although Jenks repeatedly argued that her statements did not give rise to resisting or obstructing, there was evidence presented that Jenks resisted, *delayed*, or obstructed any public officer, in the discharge, or attempt to discharge, of any duty of his office, which was a not addressed by the magistrate court. The precedent cited by Jenks referenced whether verbal statements could constitute resisting or obstructing but do not address whether statements can constitute delay.

7